Peter E. DeLUCA, Plaintiff,

v.

James Leo SULLIVAN et al.,
Defendants.

Edward C. HUSSEY, Plaintiff,

v.

James Leo SULLIVAN et al.,
Defendants.

Civ. A. Nos. 76–172–C, 76–1495–C.

United States District Court,
D. Massachusetts.

June 28, 1977.

Wayne A. Perkins, Somerville, Mass., James M. Pool, Boston, Mass., for plaintiffs.

Kenneth A. Behar and Edward D. Kalman, Behar & Kalman, Boston, Mass., for City of Cambridge, defendant.

John Hurley, Asst. Atty. Gen., Boston, Mass., for State.

## MEMORANDUM

CAFFREY, Chief Judge.

These actions, which have been consolidated before this Court, are brought under 42 U.S.C. §§ 1983 and 1985(3) to redress alleged violations of plaintiffs' constitutional rights. Damages, both actual and punitive, as well as declaratory and equitable relief, are sought. Plaintiffs are members of the Police Department of the City of Cambridge. The defendants are the City Manager, the Chief of Police, and the members of the City Council who share joint responsibility for exercising the powers and duties of an appointing authority. The Personnel Administrator for the Division of Civil Service of the Commonwealth, and twenty-five sergeants on the Cambridge Police Department who were allegedly unlawfully preferred for promotion to the rank of sergeant over the two plaintiffs are also named as defendants.

Jurisdiction is predicated on 28 U.S.C §§ 1343(3) and (4). The defendants have moved for dismissal or, in the alternative, for summary judgment on the ground, *inter alia*, that the complaint fails to state a claim on which relief may be granted. The defenses of res judicata, the statute of limitations and laches have also been asserted.

■ The equitable defense of laches does not require detailed discussion. Laches is not, as a matter of law, a defense to a civil rights action under 42 U.S.C. §§ 1983 or under 1985(3). *Needleman v. Bohlen*, 386 F.Supp. 741, 746 (D.Mass.1974).

■ Defendants contend that the action is time barred because the plaintiffs did not file this action within thirty days from the date of notice of the decision of the Personnel Administrator not to promote the plaintiffs to sergeant. This thirty day time period is borrowed from Massachusetts Civil Service Rule 33, which provides that an appeal to the Massachusetts Civil Service Commission pursuant to M.G.L.A. c. 31, § 2(b), from any decision of the Personnel Administrator must be made within the period of a month. While defendants recognize that the First Circuit has adopted the Massachusetts two-year tort statute of limitations for civil rights actions, *Gonzalez v. Santiago*, 550 F.2d 687 (1st Cir. 1977), they urge that the "most analogous" state limitation period is that relating to appeals from the Personnel Administrator's decisions to the Civil Service Commission. This Court is of the opinion that this extremely short period of time is appropriate in an administrative context but fails to correspond to the needs of civil rights plaintiffs to have available a reasonable period of time in which to gain access to the federal courts. *Cf. Young v. Int'l Tel. & Tel. Co.*, 438 F.2d 757, 763 (3rd Cir. 1971). Accordingly, this Court declines to depart from the practice in this Circuit of applying the Massachusetts two-year tort statute of limitations, M.G.L.A. c. 260, § 2A, to civil rights actions. *See also Kadar Corp. v. Milbury*, 549 F.2d 230 (1st Cir. 1977).

■ Defendants' third defense, res judicata, vis-a-vis plaintiff Hussey, may also be dispensed with readily. Plaintiff Hussey brought a cause of action substantially identical to his present suit in Middlesex County Superior Court in July of 1975. This action was dismissed on October 17, 1975 pursuant to Mass.R.Civ.P. 12(b)(1) and (7), as a result of a failure to join a necessary party and lack of subject matter juris-

diction. Pursuant to Mass.R.Civ.P. Rule 41(b)(3), unless in its order for dismissal the Court otherwise specifies, a dismissal pursuant to a defendant's motion operates as an adjudication on the merits except when the dismissal is for lack of jurisdiction, improper venue or failure to join a party under Rule 19. Judge Dimond specifically stated that the merits of the case were not reached in his dismissal of the Middlesex County case. Consequently, that dismissal is not a final judgment under Massachusetts law and further federal litigation is not barred. *Cf. Bacon v. Best Foods, Div. of CPC, Int'l, Inc.*, 412 F.Supp. 15 (D.Mass. 1976).

The essence of the plaintiffs' complaint is that, although, based on their test scores on the Civil Service examination taken by one hundred and ten patrolmen, they ranked fourth and fifth, respectively, on the eligibility list for promotion to the rank of sergeant, they were skipped over for promotion in favor of the twenty-three individuals who were on the eligibility list who had not scored as high as plaintiffs did on that examination. The collective appointing authority, former Chief of Police Pisani, the City Manager and the City Councilors, gave the plaintiffs a written statement of the reasons for their not being promoted which stated only that the other twenty-three who were promoted were "better qualified." Plaintiffs allege that this determination was based on the personal animus of the late Chief of Police Pisani, an attempt to penalize plaintiffs for exercising their First Amendment rights relative to union activity, the degree to which politics in the City of Cambridge unduly influenced the internal workings of the Police Department and was an expression of the conspiracy among the individual members of the appointing authority to unlawfully discriminate against plaintiffs.

■■ While both plaintiffs' complaints purport to advance a claim under § 1985(3), only plaintiff Hussey's complaint includes allegations of membership in a discriminated class. Such an allegation is, of course, a *sine qua non* of a cause of action under 42 U.S.C § 1985(3). *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Consequently, DeLuca's complaint is facially insufficient to state a § 1985(3) cause of action. Hussey claims that he is a member of three distinct classes which are the subject of discrimination and unlawful conspiracy: i. e. active and vocal members of Cambridge Patrolmen's Association, outspoken patrolmen against administrative and political interference with the Cambridge Police Department and patrolmen in the Cambridge Police Department that are quite active in terms of doing their sworn duties to uphold the laws of the Commonwealth. The scope of § 1985(3) was once understood by some courts to encompass a cause of action based on an allegation of conspiracy against a group exercising First Amendment rights. *See Freeman & Bass, P.A. v. State of New Jersey Commission of Investigation*, 359 F.Supp. 1053 (D.N.J. 1973). However, the *Griffin* opinion made it clear that the scope of § 1985(3) is limited to providing a remedy for class-based discrimination akin to racial bias or other traditionally recognized bases of bias against a group, such as, national origin or religion. *Arnold v. Tiffany*, 359 F.Supp. 1034 (C.D. Cal.1973). The Hussey complaint is wholly devoid of any allegations that the defendants conspired against the plaintiff because of his membership in a class defined by invidious criteria. Consequently, that portion of the motion to dismiss which is directed to the § 1985(3) cause of action should be allowed. *Hahn v. Sargent*, 388 F.Supp. 445 (D.Mass.) *aff'd.* 523 F.2d 461 (1st Cir. 1975).

Plaintiffs also allege that a cause of action exists under 42 U.S.C. § 1983. The test to determine whether such a cause of action exists at the motion to dismiss stage was articulated in this Circuit in *Raper v. Lucey*, 488 F.2d 748 (1st Cir. 1973). First, the claim must involve a federally protected constitutional right. Second, the plaintiff must allege facts which indicate that defendants have infringed upon that right.

Defendants have asserted that plaintiffs have no constitutionally protected right to

become promoted to the rank of sergeant. While it is true that such promotional decisions are left to the discretion of the appointing authority under state law, plaintiffs may still prevail if they can make "a showing of purposeful discrimination or at least an allegation that [defendants'] misdeeds were knowing or reckless." *Harrison v. Brooks*, 446 F.2d 404, 407 (1st Cir. 1971). Although the allegations in the complaint are not drawn with the particularity which this Court would prefer, the complaint, taken together with the affidavits filed by plaintiffs, sufficiently suggests that their failure to be promoted was either a result of having offended and alienated former Chief of Police Pisani, or a punishment for being vocal with respect to what they perceived to be an unhealthy and unwarranted interference by Cambridge political figures into the internal affairs of the Police Department. Furthermore, the facts alleged—unlike those alleged in *Evans v. Town of Watertown*, 417 F.Supp. 908 (D.Mass.1976)—do at least hint at knowing misdeeds on the part of some, if not all, of the defendants.

■ In 1969, when plaintiff Hussey and former Chief of Police Pisani were both patrolmen on the police force, Hussey made an extremely ill-considered personal remark to the man who later became his superior. This remark seems to be the source of the alleged "personal animus" which Chief Pisani had for plaintiff Hussey. While it may be perfectly legitimate for a private superior not to promote an employee whom he personally dislikes, a government employer may not stand in the way of the developing career of a subordinate for personal reasons not related to job function. *Bruns v. Pomerleau*, 319 F.Supp. 58 (D.Md.1970). While Chief Pisani may have legitimately decided that the working relationship between himself and plaintiff Hussey had deteriorated to a point that they could not effectively work together in the capacities of Chief and Sergeant, e. g. *Kannisto v. City and County of San Francisco*, 541 F.2d 841 (9th Cir. 1976), the current state of the record presents a serious question of fact as to whether such a legitimate concern motivated Chief Pisani or whether he illegitimately acted purely out of personal pique. This Court cannot resolve this factual question on the basis of the plaintiffs' and defendants' affidavits currently before it.

■ In addition to the claim by Hussey that he was not promoted due to the capricious and arbitrary action of Chief Pisani and a resulting conspiracy between Chief Pisani and the City Manager and City Councilors, both plaintiffs allege that another reason for their failure to be promoted is their exercise of their First Amendment rights in being critical of union activity and political interference with the Police Department. It is axiomatic that government employees retain their rights of free speech. *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). Yet government employees do not retain the right to say everything they want without consideration of the needs of the public institution for which they work. *Kannisto, supra*; *Rost v. Horky*, 422 F.Supp. 615 (D.Neb.1976). The First Amendment rights of public employees must be balanced against the legitimate interests of the governmental institution for which the employee works. *Rost, supra*. When a public employee is openly critical of the operation of his employer, as was the school teacher of his principal in *Rost*, and the police officer of his superior in *Kannisto*, decisions adverse to his promotion can be made if various legitimate interests of the governmental institution are adversely affected. However, this Court, at this early stage of the cases, declines to follow the lead of *Kannisto* and *Rost* in striking the balance of the two competing interests on the basis of a motion for summary judgment merely because a. showing has been made that a superior-subordinate relationship exists. Instead, this Court rules that once a public employee has shown an exercise of his First Amendment rights by criticizing his superior or the institution for which he works, and that an adverse employment decision was made based on the exercise of these rights, then it is incumbent on the defendants to make a factual showing that the

exercise of First Amendment rights in some way interfered with their legitimate interests in a way which constitutes a justification for their conduct. Here, defendants would have to show that plaintiffs' criticism "diminished [their] faithfulness, trustworthiness, conscientiousness or competence, or tended, in fact, to produce disharmony among other employees." *Nebraska Dept. of Roads Employees Assoc. v. Dept. of Roads, State of Nebraska*, 364 F.Supp. 251 (D.Neb.1973).

■ Having determined that a constitutionally protected right has been stated in theory and, in general terms, has been sufficiently pleaded and stated to survive both defendants' motion to dismiss and motion for summary judgment, it is appropriate to determine whether a sufficient allegation of infringement has been made with respect to each of the defendants named. *Hahn v. Sargent, supra.* No acts of discrimination or conspiracy are alleged with respect to the twenty-five sergeants who were promoted in preference over the plaintiffs or with respect to defendant Kountze, the Personnel Administrator for the Division of Civil Service in the Commonwealth of Massachusetts. Plaintiffs claim that these defendants are necessary parties within the meaning of Rule 19 of the Federal Rules of Civil Procedure because of the possibility that equitable relief rendered in this case may involve them. This argument contemplates that, with respect to the twenty-five sergeants, this Court will frame an order of relief so as to remove any one or more of them from their positions and substitute therefor the prevailing plaintiff or plaintiffs. Without intimating in any way its present views as to what would be appropriate relief if plaintiffs can eventually prove their case, this Court regards such a suggestion of relief as being so remote a possibility that it refuses to retain these twenty-five sergeants as "necessary parties" to this case.

■ The defendant Kountze is said to be a necessary party because, if the Court promotes one or both the plaintiffs to the rank of sergeant, "he may very well be called upon to approve said promotions pursuant to this Court's order." One of the Personnel Administrator's duties under M.G.L.A. c. 31, § 2A is to certify the list of names given to him by the appointing authority and to approve the written statement of reasons for not selecting for promotion persons whose names appeared highest on the eligibility list. Consequently, defendant Kountze will remain as a necessary party for the very limited purpose of possibly carrying out his statutory duties in the wake of a possible Court order.

■ There are sufficient allegations of an unlawful conspiracy on the part of present Chief Fratto, City Manager Sullivan, and City Councilors Russell and Sullivan to survive a motion to dismiss. The only factual allegation with respect to the remaining seven City Councilors is that their adoption of a resolution on December 6, 1976 is "a tacid [sic] admission by the defendant Councilors that they have engaged in political interference in the promotional process." This is not a sufficient allegation since it does not support plaintiffs' essential claim that the Councilors were acting in a discriminatory or conspiratorial fashion. *See Kadar Corp. v. Milbury, supra.*

■ In summary, this Court holds that the plaintiffs have failed to allege a cause of action under 42 U.S.C. § 1985(3) against any defendant, and have failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983 against the twenty-five police sergeants or against City Councilors Ackermann, Clem, Clinton, Danehy, Duehay, Graham and Vellucci. Defendants' motion to dismiss will be allowed therefore to that extent. Defendants' motion for summary judgment will be denied with respect to the 42 U.S.C. § 1983 cause of action since questions of fact remain to be resolved.

Order accordingly.