**James TUMULTY and Frank C. LaGrange, Jr., Plaintiffs,**

v.

**CITY OF MINNEAPOLIS et al., Defendants.**

Civ. No. 4–78–298.

United States District Court, D. Minnesota, Fourth Division.

May 8, 1980.

James Tumulty, pro se.

David Gronbeck, Minneapolis, Minn., for LaGrange.

Jerome Jallo, Minneapolis, Minn., for defendants.

## MEMORANDUM

RENNER, District Judge.

This action is brought by two unsuccessful candidates for the position of City Attorney II. It is their claim that the procedures used by the City of Minneapolis Civil Service Commission to fill five vacancies in that classification violated their Fourteenth Amendment rights of due process and equal protection.

Both plaintiffs were full-time City Attorney I employees who obtained passing scores in the civil service examination for the City Attorney II vacancies, placing tenth and eleventh from the list of eleven candidates. They seek relief under 42 U.S.C. § 1983, alleging that the examination was not competitive as required by the Minneapolis City Charter because of prior contact between the examiners and several of the candidates, deficiencies in the efficiency ratings, subjective scoring and various other claimed inadequacies such as tape recording malfunction during some of the interviews. Tumulty also seeks relief under 42 U.S.C. §§ 1985(3) and 1986. He demands $275,000 in damages; LaGrange seeks $200,000.

The defendants argue that plaintiffs' § 1983 claims should be dismissed for failure to allege deprivation of a constitutionally protected liberty or property interest. Defendants contend that plaintiffs have no entitlement to promotion to City Attorney II, but only a unilateral expectation of advancement, and that, therefore, they have no interest sufficient to invoke constitutional protections.

Counsel for plaintiff LaGrange recognizes that his client has no property interest in promotion, but, rather, argues the existence of a separate constitutional right to enforcement of appropriate selection procedures. *See, DeLuca v. Sullivan*, 450 F.Supp. 736 (D.Mass.1977); *International Association of Firefighters, Local 736, v. City of Sylacauga*, 436 F.Supp. 482 (N.D. Ala.1977). Plaintiff Tumulty likewise asserts a property right to or an interest in being fairly considered for public employment. *See, Norlander v. Schleck*, 345 F.Supp. 595 (D.Minn.1972).

In light of the recent Eighth Circuit case of *Vruno v. Schwarzwalder*, 600 F.2d 124 (8th Cir. 1979), the Court finds plaintiffs' arguments without merit. In that case, the Eighth Circuit specifically found that the creation of procedures and standards for civil service employment does not provide

an underlying entitlement to a liberty or property interest.[1] While such procedures are designed to protect against arbitrary action and, therefore, could be viewed as creating a right to be free from such action, the Court recognized that the Supreme Court has not yet accepted this as either a procedural or substantive liberty or property interest. *Id.* at 130–131. The fact that the law provides procedures does not mean that they acquire constitutional dimension; the due process clause does not constitutionalize all local law. *Id.* Quoting from *Bishop v. Wood*, 426 U.S. 341, 349–50, 96 S.Ct. 2074, 2079–80, 48 L.Ed.2d 684 (1976), the Court observed that

> [t]he federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be construed to require federal judicial review for every such error. . . . The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions.

The appropriate method of review is by public hearing and writ of certiorari to state district court. *See also, State of Missouri v. Wochner*, 620 F.2d 183 (8th Cir., 1980).[2]

■ Turning to plaintiff Tumulty's 42 U.S.C. §§ 1985(3) and 1986 causes of action, it is clear that no cognizable claim is stated. To state a claim under § 1985(3), some allegation of racial or other invidious class-based discrimination is necessary. *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Jones v. United States*, 536 F.2d 269 (8th Cir. 1976), cert. den. 429 U.S. 1039, 97 S.Ct. 735, 50 L.Ed.2d 750. Here plaintiff has set forth no facts which place him in such an identifiable class. . Rather, he designates his class as

disappointed promotional candidates who did not maintain close relationships with civil service examiners. He argues that membership in a racial or class-based group is no longer necessary to state a § 1985(3) cause of action. The Court cannot agree and finds that the § 1985(3) claim must be dismissed for failure to allege statutorily recognizable class-based discrimination. Further, since no § 1985(3) action is stated, the derivative § 1986 claim must similarly be dismissed. *Hahn v. Sargent*, 523 F.2d 461 (1st Cir. 1975), cert. den. 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 54.

---

1. Because plaintiffs' equal protection claims are based solely on claimed deprivations of due process, the Court need only address the issue of whether plaintiffs are entitled to due process. *Id.*

2. Although in *Norlander v. Schleck, supra*, Judge Neville rendered an opinion seemingly in plaintiffs' favor, the Court believes that case can be distinguished what with the passage of time and the development of due process standards in the area of public employment.