Edward C. HUSSEY, Plaintiff,

v.

James Leo SULLIVAN, City Manager of the City of Cambridge et al., Defendants.

Civ. A. No. 76–1495–C.

United States District Court,
D. Massachusetts.

Sept. 17, 1980.

Brian J. McMenimen, Boston, Mass.; McSweeney, Snow, Sheehan & Perkins, Wayne A. Perkins, Somerville, Mass., for plaintiff.

Edward D. Kalman, Behar & Kalman, Barbara Sproat, Kenneth Behar, Boston, Mass., for defendants.

**MEMORANDUM**

CAFFREY, Chief Judge.

Plaintiff, a police officer for the City of Cambridge filed this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985(3) after his name had been by–passed on a civil service eligibility list for promotion to the rank of sergeant.[1] Plaintiff alleged that his name had been skipped (1) because of the personal animosity and ill will which existed between plaintiff and the then chief of police (now deceased) and (2) because he had been an active and vocal member of the Cambridge Patrolmen's Association and outspoken in his criticisms of both the administration of the Cambridge Police Department and political interference in department affairs. Plaintiff's complaint, as amended, named as defendants the Cambridge Police Chief, the City Manager, nine city councilors, the Civil Service Personnel Administrator and the twenty–five police officers who had leap–frogged over plaintiff on the eligibility list.

In 1977 this Court ruled that plaintiff had failed to state a cause of action under 42 U.S.C. § 1985(3) against any defendant and had failed to state a claim upon which relief could be granted under 42 U.S.C. § 1983 as to the twenty–five police officers and seven of the City Councilors. It further ruled however that the allegations of the complaint were sufficient to withstand a motion to dismiss the Section 1983 claim as to the police chief, city manager and two city councilors.[2] *DeLuca v. Sullivan,* 450 F.Supp. 736 (D.Mass.1977). The parties are now before the Court on a revised motion to dismiss filed by the remaining city defendants. In their motion defendants rely on the recent decision of the Court of Appeals for the First Circuit in *Burns v. Sullivan, supra* and argue that the action should be dismissed.

---

1. In April 1976, this action was consolidated with the case of a fellow officer whose name had been skipped on the same list. *DeLuca v. Sullivan,* 450 F.Supp. 736. That case was dismissed in May, 1980 on the basis of the decision of the Court of Appeals in *Burns v. Sullivan,* 619 F.2d 99 (1st Cir. 1980).

2. Defendant Kountze, the then Personnel Administrator, was designated as a nominal party defendant. His successor, David Marchand, has been substituted for him pursuant to Fed.R. Civ.P. 25(d)(1).

In *Burns* the Court considered an appeal from this Court's allowance of defendants' motion for summary judgment in a case brought by another Cambridge Police Officer whose name had been skipped on the same list. On appeal in *Burns* the police officer argued (1) that he was denied due process by the promotion rating system utilized to determine which officers would be promoted, (2) that he was denied equal protection when a decision was made to promote three black patrolmen over him and (3) that his first amendment rights were violated subsequent to the decision not to promote him.

Clearly therefore while both *Burns* and the case at bar involve disputes over the same civil service eligibility list, the legal bases underlying the complaints are different. Those differences notwithstanding however defendants rely on *Burns* in arguing:

1. Plaintiff's due process and/or first amendment claims arising out of his failure to be promoted to sergeant are barred because of plaintiff's failure to exhaust administrative remedies under the Massachusetts Civil Service Law.

2. Plaintiff's due process claims arising out of his failure to be promoted to sergeant fail to state a claim because plaintiff's "interest in becoming a sergeant did not rise to the level of a property interest entitled to constitutional protection." *Burns v. Sullivan, supra.*

3. Plaintiff's due process and/or first amendment claims arising out of his failure to be promoted to sergeant are barred by the six month statute of limitations set forth in then Mass.Gen.Laws, c. 31, § 46A (now Mass.Gen.Laws, c. 31 § 42).

Each of defendants' contentions will be discussed in turn.

## FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

As one basis for dismissal the defendants contend that plaintiff failed to exhaust his administrative remedies by not pursuing an appeal to the Civil Service Board.

**3.** The appointing authority consists of the Chief of Police and the City Manager.

█ The federal remedy provided in 42 U.S.C. § 1983 is supplementary to any state court remedy which might exist. *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Substantial authority exists that one need not exhaust state administrative remedies before pursuing § 1983 actions. *Ellis v. Dyson,* 421 U.S. 426, 432–33, 95 S.Ct. 1691, 1694–95, 44 L.Ed.2d 274 (1975); *Damico v. California,* 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967); *McNeese v. Board of Education,* 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); *Wishart v. McDonald,* 500 F.2d 1110, 1114 (1st Cir. 1974). One may only need a definitive administrative or institutional determination which is sufficient to render the controversy ripe for adjudication. *Palmigiano v. Mullen,* 491 F.2d 978, 980 n. 4 (1st Cir. 1974); *Raper v. Lucey,* 488 F.2d 748, 751 n. 3 (1st Cir. 1973); *Stevenson v. Board of Education of Wheeler County, Georgia,* 426 F.2d 1154, 1157 (5th Cir.), *cert. denied,* 400 U.S. 957, 91 S.Ct. 355, 27 L.Ed.2d 265 (1970).

I rule that the determination of the appointing authority[3] to pass over plaintiff on the eligibility list for promotion became "definitive" for ripeness purposes when it went beyond the level of local government and was sent to the Personnel Administrator for the Commonwealth of Massachusetts for approval and that the plaintiff therefore was not required to appeal to the Civil Service Commission before filing this action.

## PROCEDURAL DUE PROCESS

█ The remaining city defendants also argue that the *Burns v. Sullivan* decision requires the dismissal of any procedural due process claim which plaintiff's complaint purports to raise. In *Burns* the Court of Appeals ruled that the interest that a police officer has in a promotion by reason of his position on an eligibility list does not rise to the level of a property interest.

Plaintiff argues that while one's position on an eligibility list does not create a property interest it does give rise to an expectancy of fair consideration for promotion from that list. *DiPiro v. Taft*, 584 F.2d 1 (1st Cir. 1978), *cert. denied*, 440 U.S. 914, 99 S.Ct. 1229, 59 L.Ed.2d 463 (1979). Plaintiff maintains that such an expectancy combined with an employer's purposeful discrimination should "state a cause of action under 42 U.S.C. Section 1983."

I rule that while plaintiff's complaint clearly alleges a denial of equal protection of the law in violation of the fourteenth amendment and deprival of free speech guaranteed by the first and fourteenth amendments, it does not set forth a procedural due process claim. *See Burns v. Sullivan, supra.*

### STATUTE OF LIMITATIONS

■ While a Massachusetts civil service employee who has been passed over for promotion normally has only thirty days to appeal that decision, Mass.Gen.Laws c. 31 § 2(b), Mass. Civil Service Rule 33, an aggrieved civil servant who believes that the adverse decision was racially motivated is allowed six months to file a complaint with the Massachusetts Commission Against Discrimination. Mass.Gen.Laws c. 151B § 5.

In *Burns* the equal protection claim asserted by Officer Burns was founded on allegations of racial discrimination. The Court of Appeals ruled that the six month limitation period in Mass.Gen.Laws c. 151B was the "most analogous" state limitation provision. In so ruling the Court stated:

> Although we have consistently held that civil rights actions brought by dismissed or mistreated employees sound in tort rather than in contract, *Ramirez de Arellano v. Aluarez de Choudens*, 575 F.2d

315, 318 (1st Cir. 1978); *Graffals Gonzalez v. Garcia Santiago*, 550 F.2d 687 (1st Cir. 1977), we have never indicated that a general tort statute of limitations is automatically to be used in place of limitations contained in state statutes specifically tailored to deal with the plaintiff's cause of action. *Id.* at 106.

The Court also stated that while a civil rights plaintiff might need more than thirty days to file his complaint a six–month limitation period was "reasonable."

In the case at bar plaintiff makes no allegation that the decision not to promote him was racially motivated. Thus the six month limitation period set forth in Mass. Gen.Laws c. 151B was not applicable to him. The thirty day period embodied in Mass.Gen.Laws c. 31 § 2(b) and Civil Service Rule 33 may at first glance have been the "most analogous" state limitation period for this complaint.[4] However, that rather short length of time was rejected as inappropriate in *DeLuca v. Sullivan*, 450 F.Supp. 736, 738 (1977) because it "fails to correspond to the needs of civil rights plaintiffs to have available a reasonable period of time in which to gain access to the federal courts." The Court of Appeals in *Burns, supra*, ruled that a civil rights plaintiff needs more than thirty days to file a complaint.

Six months was the limitation period adopted by the Court of Appeals as being appropriate for the *Burns* equal protection claim. I rule that the same period is appropriate for Hussey's claim of political discrimination. I further rule that Mass.Gen. Laws c. 31 § 42, previously Mass.Gen.Laws c. 31 § 46A, is the "most analogous" state law provision for these facts.[5] It is of course true that this statute does not refer to non–promotions, but it certainly covers

---

**4.** Massachusetts Civil Service Rule 33 states that an appeal to the Massachusetts Civil Service Commission under Mass.Gen.Laws c. 31 § 2(b) from any decision of the Personnel Administrator must be made within one month.

**5.** The provision reads: "The supreme judicial court or the superior court shall have jurisdiction over any civil action for the reinstatement

of any person alleged to have been illegally discharged, removed, suspended, laid off, transferred, lowered in rank or compensation, or whose civil service position is alleged to have been illegally abolished. Such civil action shall be filed within six months next following such alleged illegal act, unless the court upon a showing of cause extends such filing time."

the more serious claims of loss of job or demotion. It would be quite incongruous to apply to a plaintiff who claims nonpromotion based on political discrimination a longer period of limitations in which to file suit than a plaintiff who lost his job due to the same bias.

Moreover, the Court of Appeals in the *Burns* decision emphasized several policy reasons underlying its adoption of the six–month statute of limitations which are equally important here. The Court of Appeals stated that opting for a longer three–year period of limitation would thwart the "general government policy . . . of prompt resolution of personnel disputes," *Burns, supra* at 107, and that so doing would encourage "state employees to bide their time and use the federal courts, bypassing the state administrative proceedings." The Court of Appeals opined that the federal courts would risk becoming "surrogate state personnel departments." *Id.* at 107. The court in *Burns* made no effort to distinguish between equal protection civil rights claims and first amendment civil rights claims. It concluded: "Although it may take more than six months to properly prepare a civil rights case, a complaint meeting the requirement of Fed.R. Civ.P. 8(a) can surely be filed in that time." *Burns, supra* at 106.

The record herein establishes that plaintiff Hussey complains of an illegal act committed on or before July 9, 1975 and that the complaint was filed in April of 1976, well after the six month period had run. Accordingly I rule that his action is barred by the statute of limitations.

Order accordingly.