Frank C. LaGRANGE, Jr., Appellant,

v.

CITY OF MINNEAPOLIS, Ray Eiland,
Hugh Gallagher, and Gerald
Singer, Appellees.

James TUMULTY, Appellant,

v.

CITY OF MINNEAPOLIS, Ray Eiland,
Hugh Gallagher, and Gerald
Singer, Appellees.

Nos. 80–1481, 80–1483.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 9, 1981.

Decided April 6, 1981.

David Gronbeck, Minneapolis, Minn., for
appellant Frank C. LaGrange, Jr.

Robert J. Alfton, City Atty., and Jerome
R. Jallo, Asst. City Atty., Minneapolis,
Minn., for appellees.

Before ROSS, HENLEY and McMILLI-
AN, Circuit Judges.

PER CURIAM.

James Tumulty and Frank C. LaGrange,
Jr., appeal an order of the district court
dismissing their constitutional claims for re-
lief under 42 U.S.C. § 1983.[1]

Appellants are Assistant City Attorneys
"I" for the City of Minneapolis who unsuc-
cessfully sought promotion to Assistant
City Attorney "II" positions. Appellants
allege that defects in the promotional exam
violated their right to due process and equal
protection of the law under the fourteenth
amendment. These defects allegedly vio-
lated appellants' protected property interest
in a competitive and impartial examination
procedure as prescribed under the Minneap-
olis City Charter and Civil Service Commis-
sion rules.

The district court found that the proce-
dures and standards for civil service em-
ployment did not create a property interest
protected under the fourteenth amendment.
The district court decision was based on
*Vruno v. Schwarzwalder,* 600 F.2d 124 (8th
Cir. 1979). In *Vruno* this court held that a
Minnesota statute which granted an appli-
cant for public employment a right to be
free from disqualification on the basis of
criminal conviction unless the crime related
to the job sought did not create a protected
liberty or property interest.

We have carefully studied the record, in-
cluding the district court's opinion and the
briefs of the parties. We find no merit to
appellants' arguments, and accordingly af-
firm pursuant to Rule 14 of the Rules of
this court on the basis of the district court's
opinion.

---

1. The district court also dismissed appellant
Tumulty's claims for relief under 42 U.S.C.
§§ 1985(3) and 1986. However, Mr. Tumulty
has not argued on appeal that dismissal of
those claims constituted error.