Andrew W. **ELLIS**, Appellant,

v.

**CITY OF MINNEAPOLIS, et al.,**
**Respondents.**

No. C7-87-455.

Court of Appeals of Minnesota.

Aug. 11, 1987.

Wayne A. Wentworth, Minneapolis, for appellant.

Jerome Fitzgerald, Asst. City Atty., Minneapolis, for respondents.

Considered and decided by NIERENGARTEN, P.J., and FOLEY and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Andrew Ellis sued the City of Minneapolis and his supervisor, Sol Jacobs, under 42 U.S.C. § 1983 alleging a loss of promotion because of bias and prejudice on the part of Jacobs. The trial court granted summary judgment for the respondents for failure to state a cause of action. We affirm.

## FACTS

Andrew Ellis has been employed as a housing inspector by the City of Minneapolis since 1969. Respondent Sol Jacobs is the Director of the Department of Housing Inspections and is in charge of all employees in that department. Ellis was given performance ratings of 83.5, 83.0 and 85.5 in April 1983, October 1983, and June 1984 respectively. Ellis appealed the ratings and was granted a review of the April 1983 performance rating. The appeal was heard in July 1983 and affirmed.

In March 1983 Ellis took a Minneapolis civil service examination for the position of Supervisor, Housing Inspections and as part of the examination was given an efficiency rating of 69.0 by his department head, Jacobs. In October of 1984 Ellis took another exam for the position of Assistant Supervisor of Housing Inspections and was given an efficiency rating of 82.0 by Jacobs.

The Civil Service regulations provide that the total score of an applicant for promotion is composed of a test score, a seniority rating and an efficiency rating by the department head. Ellis was not promoted after either exam. Ellis claims that his failure to be promoted is a result of poor performance ratings based on subjective observations of Jacobs arising from personal animosity against Ellis.

Ellis claims Jacobs' conduct violated his right to due process of law under the Fifth and Fourteenth Amendments of the United States Constitution.

The trial court granted summary judgment for the respondents because Ellis failed to state a cause of action and Ellis appeals.

## ISSUE

Did the trial court err in granting summary judgment on the basis that appellant failed to state a cause of action?

## ANALYSIS

On appeal from summary judgment this court's function is to determine (1) if there are issues of material fact and (2) whether the law has been misapplied. *In re Estate of Tourville*, 366 N.W.2d 380, 381 (Minn.Ct. App.1985), *pet. for rev. denied*, (Minn. June 27, 1985). In this case the question is whether the law has been misapplied.

Ellis brings his claim under Title 42 U.S.C., Section 1983 which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Ellis must prove that the conduct of the respondents deprived him of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981). Ellis also must prove that the conduct was committed by someone acting under color of state law. *Id.*

We must first determine if Ellis has been deprived of a liberty or property interest which is protected by the fourteenth amendment. If there is a legitimate, protected interest, then we must determine what procedures are necessary to protect the interest. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569–70, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972).

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.

*Id.* at 577, 92 S.Ct. at 2709. Ellis does not claim "a legitimate entitlement to be promoted" but claims his opportunities to be promoted have been prevented by the respondents' wrongful actions.

■ A person seeking a public position under state or local law does not have an entitlement to the position which constitutes a property interest. *See Vruno v. Schwarzwalder*, 600 F.2d 124, 130 (8th Cir. 1979).

> [T]he creation of procedures and standards for civil service employment does not provide an underlying entitlement to a liberty or property interest. * * * The fact that the law provides procedures does not mean that they acquire constitutional dimension; the due process clause does not constitutionalize all local law.

*Tumulty v. City of Minneapolis*, 511 F.Supp. 36, 38 (D.Minn.1980), *Aff'd*, 645 F.2d 615 (8th Cir.1981) (footnote and citations omitted).

■ Ellis' specific allegation is that Jacobs' poor efficiency rating was unfair and deprived him of promotion.

> One has no "right" to a good efficiency rating from one's superior; rating is an exercise of the supervisor's discretion.

*Bigby v. City of Chicago*, 766 F.2d 1053, 1056 (7th Cir.1985), *cert. denied*, 474 U.S. 1056, 106 S.Ct. 793, 88 L.Ed.2d 771 (1986). Under these circumstances, there is nothing constitutional that would require an objective efficiency rating. The City of Minneapolis has chosen a method for determining promotion which takes into account both objective (exam and seniority) and subjective (efficiency rating) criteria.

Ellis has not established a property or liberty interest entitled to protection of the fourteenth amendment. Application of due process analysis is a question of applying the law to the facts. There are no material questions of fact here, hence summary judgment is appropriate.

## DECISION

The trial court did not err in granting summary judgment.

Affirmed.