**Dickey D. KASTER, Appellant,**

v.

**STATE OF IOWA; Iowa Department of Natural Resources; Larry J. Wilson; Steve L. Schutte; Mike Ashby; Paul Martin, individually and as agents for the State of Iowa, Appellees.**

**No. 92–2194.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 17, 1992.

Decided Sept. 24, 1992.

Rehearing Denied Oct. 23, 1992.

---

**1382**

Kaster, pro se.

Michael H. Smith and David R. Sheridan, Asst. Attys. Gen., Des Moines, Iowa, for appellees.

Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.

PER CURIAM.

The district court dismissed Dickey D. Kaster's 42 U.S.C. §§ 1983, 1985, and 1986 claims because Kaster filed them after the applicable statute of limitations had run. Kaster appeals, and we affirm.

In April 1988, state officials seized Kaster's fishing gear for violating Iowa's fishing laws. The Iowa Supreme Court decided Kaster's state court claims regarding his conviction and the forfeiture of his fishing gear in 1990 and 1991. Kaster filed this action in December 1991 asserting state officials conspired to violate his civil rights by seizing his fishing gear under color of Iowa forfeiture law, filing false criminal charges against him, and altering the seized property's value to change the forfeiture's jurisdictional limit.

The district court held, and the parties now agree, that Iowa's two-year personal injury statute of limitations applies to this action. *McDougal v. County of Imperial*, 942 F.2d 668, 673–74 (9th Cir.1991) (personal injury statute of limitations applies to section 1985 action); *Wycoff v. Menke*, 773 F.2d 983, 984 (8th Cir.1985) (personal injury statute of limitations applies to section 1983 action), *cert. denied*, 475 U.S. 1028, 106 S.Ct. 1230, 89 L.Ed.2d 339 (1986); *cf. Tumulty v. City of Minneapolis*, 511

F.Supp. 36, 38 (D.Minn.1980) (section 1986 action is derivative of section 1985 action), *aff'd sub nom. LaGrange v. City of Minneapolis*, 645 F.2d 615 (8th Cir.1981).

Kaster contends the two-year limitation does not bar his action because the action did not accrue until the Iowa Supreme Court decided his state court actions. We disagree. Kaster's cause of action arose when the state officials searched and seized his property, *see Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir.1991), not when Kaster's state court action concluded, *see Lown v. Brimeyer*, 956 F.2d 780, 782 (8th Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 176, 121 L.Ed.2d 122 (1992). Thus, the statute of limitations expired before Kaster filed this suit.

Accordingly, we affirm.