Wade BACKLUND, on behalf of himself and all other persons similarly situated, Plaintiff,

v.

Neal J. HESSEN, Mary Peterson, and Janet Nelson, in their official capacities as members of the Civil Service Board of the City of Duluth, Minnesota, Karl Nollenberger, in his official capacity as Secretary and Responsible Authority of the

Civil Service Board of the City of Duluth, Minnesota, Duane Flynn, in his individual capacity and in his official capacity as Chief of the Fire Department of the City of Duluth, Minnesota. The Civil Service Board of the City of Duluth, Minnesota, a political subdivision of the City of Duluth and State of Minnesota,

and

The City of Duluth, Minnesota, a municipal corporation and political subdivision of the State of Minnesota, Defendants.

Civ. 5–95–137.

United States District Court,
D. Minnesota,
Third Division.

Nov. 6, 1995.

Peter J. Nickitas, Superior, Wisconsin, appeared on behalf of Wade Backlund,

City Attorney of Duluth by M. Alison Lutterman, Assistant City Attorney, Duluth, Minnesota, appeared on behalf of all Defendants.

### ORDER

ALSOP, Senior District Judge.

### BACKGROUND

The above-entitled matter came on for hearing before the Court on October 10, 1995 upon the Motion of Plaintiff for Summary Judgment and Permanent Injunction or Preliminary Injunction (docket no. 35), the Motion of Plaintiff for Attorney's Fees (docket no. 29) the Motion of Defendants for Dismissal or Summary Judgment (docket nos. 16 and 18), and the Motion of Defendants for Attorney's Fees (docket nos. 17 and 19).

Plaintiff is a white male who applied for a position as firefighter with the City of Duluth Fire Department (Fire Department) and was interviewed for open positions on two occasions but was not offered employment. After the second round of hires, Plaintiff discovered that of the four persons hired, three had relatives who were present or past employees of the Fire Department. One hiree's father is the former fire chief of the Fire Department and his brother is a training officer. A second hiree's father is assistant fire chief. A third hiree's brother is a captain in the Fire Department.

The Fire Department's hiring procedure is governed by Chapter 13 of the Duluth Civil Service Code (DCSC). The Code establishes rules for the selection of candidates and authorizes the Civil Service Board to administer the relevant tests, establish a list of eligible persons, and select according to the Code those candidates from the list who will be offered an interview. The Secretary of the Board creates the list of eligibles, taking passing candidates and ranking them according to their result. (DCSC § 13–34) When the hiring authority, in this case the Fire Department, has a position or positions available, it notifies the Board and the Secretary certifies a list of candidates to the hiring authority for consideration. (DCSC §§ 13–58, 13–60) The certified list is created by taking the top names on the eligible list in order of rank and giving the hiring authority the number as prescribed by the rules to satisfy the number of available positions. (DCSC §§ 13–60, 13–61) The DCSC states that certified applicants must appear for an interview but does not provide any guideline on the content or weighing of interviews. (DCSC § 13–63).

Plaintiff took the written exam in Fall 1993 and received the highest score. As a result he was placed number one on the list of eligibles issued December 8, 1993. The list

is valid for two years and in essence guarantees him an interview for any position that would open up during that time. A firefighter position became available twice during this time, and on both occasions Plaintiff was invited for an interview along with other certified applicants. Plaintiff interviewed with a panel of seven people who had only the first names of the applicants and were not related to any of the applicants. The decision who to hire was made after the interview process was completed by Fire Chief Duane Flynn. Flynn was not a member of the interview panel, and according to Defendant Flynn was free to select any candidate and had no obligation to follow any recommendations that may have been given by the interview panel.

Plaintiff brings this suit claiming that the Fire Department's hiring practice violates rights guaranteed to him by the Constitution and federal law. Plaintiff makes several claims. First, he claims that the hiring discriminates against him on the basis that he has no family members who are past or present employees of the Fire Department and that such discrimination is prohibited and actionable under 42 U.S.C. § 1981 and 42 U.S.C. § 1983. Second, Plaintiff alleges that the interview was actually an oral test and that the Fire Department was obliged under DCSC §§ 13–52 and 13–56 and 29 C.F.R. § 1602.31 (1991) to retain notes made by the interviewers during the interviews. The facts indicate that any notes taken by interviewers were not retained. Plaintiff claims that the failure to retain notes from the interview violates his constitutional right to equal protection. Lastly, Plaintiff makes several state law claims under the Minnesota Constitution and the Minnesota Government Data Practices Act.

## DISCUSSION

Under Fed.R.Civ.P. 56(c) the Court may grant a motion for summary judgment when the pleadings, affidavits and record show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In considering Defendant's motion for dismissal or summary judgment, the Court has reviewed materials outside the pleading and so will treat the motion as one for summary judgment. Summary judgment is proper if examination of the evidence in a light most favorable to the non-moving party reveals no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Summary judgment is also proper if a party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–324, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

## I. 42 U.S.C. § 1981 Claim

Plaintiff claims that Defendant unlawfully discriminated against him on the basis of kinship in violation of his rights under 42 U.S.C. § 1981. Section 1981 prohibits racial discrimination in the making and enforcing of contracts. It is well-established that employment contracts are among those protected by § 1981. *See Johnson v. Railway Express,* 421 U.S. 454, 459, 95 S.Ct. 1716, 1719–20, 44 L.Ed.2d 295 (1974). The statute was amended by the Civil Rights Act of 1991 to expressly include acts of states and municipalities. 42 U.S.C. § 1981(b). There is no legal support however for Plaintiff's proposition that § 1981 applies to discrimination based upon kinship.

The Eighth Circuit has held that a § 1981 claim that fails to allege racial discrimination is barred. *Forbes v. Arkansas Educational Television,* 22 F.3d 1423 (8th Cir.1994) *cert. denied* —— U.S. ——, 115 S.Ct. 500, 130 L.Ed.2d 409. Plaintiff is a white male and has not alleged racial discrimination. Plaintiff argues that § 1981 applies to discrimination based upon kinship, citing *St. Francis College v. Al–Khazraji,* 481 U.S. 604, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987). The Court finds that *St. Francis* College does not support Plaintiff's argument. *St. Francis College* addressed a § 1981 claim by a U.S. citizen born in Iraq who claimed that he was denied tenure on the basis of his Arabian ancestry. The Court held that unlawful discrimination based upon race should be understood as discrimination based upon ancestry or ethnic characteristics, such as being born

an Arab. *Id.* at 613, 107 S.Ct. at 2028. Nowhere in *St. Francis College* does the Court hold that discrimination based upon kinship or favoritism towards relatives is unlawful racial discrimination. Whether or not this Court may think that decisions concerning hiring and promotion should ideally be based upon merit and achievement, as other Courts have maintained, *see Regents of the University of California v. Bakke,* 438 U.S. 265, 361, 98 S.Ct. 2733, 2784, 57 L.Ed.2d 750 (1978), *Holder v. City of Raleigh,* 867 F.2d 823, 825–26 (4th Cir.1989), the Court finds there is no legal basis to support a finding that discrimination based upon kinship violates the statute. Accordingly, Defendant's motion for summary judgment on Plaintiff's § 1981 claim will be granted.

## II. 42 U.S.C. § 1983

Plaintiff offers several arguments to support his claim that Defendants are liable under 42 U.S.C. § 1983. Section 1983 provides redress for the violation of a right, privilege or immunity secured by the Constitution or federal laws by a person acting under color of state law. Plaintiff alleges in his written submissions that Defendants violated his due process rights, but at oral hearing Plaintiff abandoned this claim. The Court considers the due process claim withdrawn.[1] Plaintiff also argues that Defendant has violated the fourteenth amendment right to equal protection. Plaintiff offers two arguments in support of this claim. First, Plaintiff argues that Defendant's alleged discrimination based upon kinship violates equal protection. Second, Plaintiff contends that destroying the results of the oral interview violates 29 C.F.R. § 1602.31 and the right to equal protection.

Plaintiff contends that *Kotch v. Board of River Port Pilot Comm'rs for Port of New Orleans,* 330 U.S. 552, 67 S.Ct. 910, 91 L.Ed. 1093 (1947) indicates that he has a claim for denial of equal protection based upon nepotism or favoritism in government hiring. In *Kotch* the Supreme Court considered a Louisiana Statute governing the appointment of river pilots that permitted discrimination against applicants without family connections in the river piloting business. The statute gave current pilots control over the selection of apprentice pilots and in essence future pilots, and the pilots did in fact select as apprentices primarily relatives and friends of current pilots. The Court found that such a classification was not like a classification that discriminated based upon race or religion. *Kotch,* 330 U.S. at 556, 67 S.Ct. at 912. It considered the relationship of the method of appointing pilots to the broad objectives of the Louisiana pilotage law and the uniqueness of the institution of piloting boats and found that the classification was not unrelated to the statute's objective and did not violate equal protection. *Kotch,* 330 U.S. at 564, 67 S.Ct. at 916.

■ The *Kotch* Court paid special attention to the states' power in eliminating unwanted nepotism. It noted that no holding says that the Constitution requires a state governor or subordinates "to select state public servants by competitive tests or by any other particular method of selection". *Id.* at 563–564, 67 S.Ct. at 915–16. However, it observed that several states had elected to eliminate nepotism in appointing public servants and adopted constitutional amendments or statutes to prohibit it. *Id.* at 563, 67 S.Ct. at 915–16. Finding that Louisiana had no such law, the Court concluded that the state legislature must have weighed the "obvious possibility of evil against whatever useful function a closely knit pilotage system may serve". *Id.* at 563–64, 67 S.Ct. at 915–16. In this case, like the Plaintiff in *Kotch,* Plaintiff can cite no state or municipal statute applicable to civil service hiring that prohib-

---

1. Plaintiff did not show that he had a property interest in obtaining employment with the City. In *Cleveland Board of Educ. v. Loudermill,* 470 U.S. 532, 538, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1984) the Supreme Court observed that property interests are not created by the Constitution but arise out of an independent source of law such as state law. Plaintiff has cited no law that gives him a property interest in obtaining employment with the Duluth Fire Department. The Eighth Circuit held in *LaGrange v. City of Minneapolis,* 645 F.2d 615 (8th Cir.1981) that procedures and standards for civil service employment do not create a property interest. Thus had Plaintiff not abandoned his due process claims, the Eighth Circuit precedent indicates that Plaintiff has no such claim.

its nepotism or favoritism. Under *Kotch* showing favoritism in hiring is not a violation of equal protection, and thus Plaintiff has no claim for denial of equal protection for alleged discrimination based upon kinship.

■ Plaintiff's claim also does not satisfy the four-part analysis governing unlawful discrimination in employment under § 1983. The Eighth Circuit has recognized that the elements of a cause of action for employment discrimination under § 1983 are the same as those under Title VII. *Hicks v. St. Mary's Honor Center*, 970 F.2d 487, 490 (8th Cir. 1992) *rev'd on other grounds, St. Mary's Honor Center v. Hicks*, —— U.S. ——, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). *See also Guillory v. St. Landry Parish Police Jury*, 802 F.2d 822, 824 (5th Cir.1986), *cert. denied*, 482 U.S. 916, 107 S.Ct. 3190, 96 L.Ed.2d 678 (1987). To establish a prima facie case of unlawful discrimination under Title VII Plaintiff must show (1) he belongs to a racial minority, (2) was subjected to an adverse job action, (3) was replaced by someone outside the group and (4) was qualified to do the job. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1972).

■ The Plaintiff fails to show his claim satisfies the first element of a prima facie case. Unlawful discrimination includes discrimination based on color, religion, sex, national origin, 42 U.S.C. § 2000e–2(k)(1), age, 29 U.S.C. §§ 621 *et seq.*, and disability, 29 U.S.C. § 794 (prohibiting discrimination in federal employment or by federal-fund recipients). Plaintiff cites no case nor has the Court found any that holds employment decisions based upon favoritism to family members to be unlawful. The cases that have considered favoritism toward relatives hold that it is not unlawful discrimination. *See Kotch*, 330 U.S. 552, 67 S.Ct. 910; *Holder v. Raleigh*, 867 F.2d 823 (4th Cir.1989). In *Holder* the Fourth Circuit considered an employment discrimination claim that had been brought under Title VII as well as § 1981 and § 1983 and found that neither Title VII nor § 1981 nor § 1983 prohibited a promotion decision based upon favoritism toward relatives. *Id.* at 825–26. "To hold that favoritism toward friends and relatives is per

se violative of Title VII would be, in effect, to rewrite federal law. The list of impermissible considerations within the context of employment practice is both limited and specific: 'race, color, religion, sex, or national origin.' " *Id.* The Court applied this analysis to claims under 42 U.S.C. §§ 1981 and 1983. "The duty of the federal courts, whether under Title VII or 42 U.S.C. § 1983, is to redress racial, sexual, religion and national origin discrimination in employment." *Id.* In the light of these precedents and absent any cases supporting Plaintiff's assertion that discrimination based upon lack of family ties is prohibited under § 1983, the Court finds that Plaintiff has not established a claim for unlawful discrimination under § 1983.

■ Plaintiff at oral hearing claimed that Defendant has violated 29 C.F.R. § 1602.31 and that this violates Plaintiff's right to equal protection. Plaintiff provides no authority for the proposition that the violation of this regulation is a violation of equal protection. Assuming that Plaintiff's argument is that § 1983 provides a remedy for the violation of this regulation, the Court finds that Plaintiff has failed to prove that the elements required to give rise to such a claim are satisfied in this case. Under § 1983 a person may seek redress for violations of a right guaranteed by the Constitution or federal laws, but § 1983 is not itself a source of substantive rights. *See Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1978). The violation of a regulation can give rise to rights enforceable under § 1983, *Wright v. Roanoke Redev. & Housing Auth.*, 479 U.S. 418, 431–432, 107 S.Ct. 766, 774–75, 93 L.Ed.2d 781 (1986), however there are two exceptions. The Supreme Court holds that § 1983 does not provide a remedy for statutory violations (1) where Congress has foreclosed private enforcement of the statute in the enactment itself and (2) where the statute did not create enforceable rights within the meaning of § 1983. *Id.* at 423, 107 S.Ct. at 770 (citing *Middlesex County Sewerage Authority v. National Sea Clammers Assoc.*, 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981)). To determine whether the statute creates enforceable rights, the Court applies a four-

part test. *Furrer v. Brown,* 62 F.3d 1092, 1094 (8th Cir.1995) (citing *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1974)). The test requires the Court to consider (1) whether Plaintiff is in the class for whose benefit the statute was enacted, (2) the legislative history and whether it implicitly or explicitly shows an intent to create or deny the cause of action, (3) the proposed remedy in light of the purpose of the statutory scheme, and (4) whether the cause of action is traditionally a matter of state law. Plaintiff bears the burden of proving whether the statute creates such a private remedy. *Suter v. Artist M,* 503 U.S. 347, 112 S.Ct. 1360, 118 L.Ed.2d 1 (1992).

■ Regulation 29 C.F.R. § 1602.31 requires state and local governments to preserve records made in the course of hiring for a minimum two year period. If a Title VII or ADA charge has been made, records must be preserved until final adjudication. Plaintiff alleges that Defendant destroyed notes from the oral interviews with Plaintiff and the other candidates in violation of 29 C.F.R. § 1602.31 and that this gives rise to a claim under § 1983. The Court finds that even if it is assumed that Defendant had an obligation to keep the oral interview notes and thus Defendant violated 29 C.F.R. § 1602.31, there is no claim under § 1983. Plaintiff has not met his burden of proving that 29 C.F.R. § 1602.31 satisfies the four-part *Cort* test. Plaintiff cites *Favors v. Fisher,* 13 F.3d 1235 (8th Cir.1994) in support of his argument that violating 29 C.F.R. § 1602.31 gives rise to a claim under § 1983. *Favors* concerned a race discrimination claim in which the claimant alleged that the employer had destroyed his notes with the questions he used during oral interviews and candidates' answers in violation of 29 C.F.R. § 1602.14 (1983), the predecessor to 29 C.F.R. § 1602.31. The Court found that the employer did have an obligation under that regulation to retain the destroyed records and that because he violated it the claimant was entitled to the benefit of a presumption that the destroyed documents would have bolstered her case. *Favors,* 13 F.3d 1235, 1239. *See also Shipley v. Dugan,* 874

F.Supp. 933, 940 (S.D.Ind.1995). *Favors* does not support Plaintiff's claim that violation of 29 C.F.R. § 1602.31 gives rise to a claim under § 1983. As discussed above, in order to establish a § 1983 claim Plaintiff must satisfy the four-part test set down in *Cort v. Ash.* The question whether a regulation gives rise to a § 1983 claim was not before the Court in *Favors* nor was the four-part *Cort* test applied in examining the violation. *Favors* found only that a violation of 29 C.F.R. § 1602.31 justified a favorable presumption in a Title VII case. The Court finds that this does not establish that a violation of the regulation gives rise to a remedy under § 1983.

Even if Plaintiff had addressed the *Cort* test, Plaintiff could not satisfy the first requirement and prove that he is one of the class for whose benefit the statute was enacted. The regulation directs the preservation of employment records for a minimum 2 year period, but there is no evidence showing that a person in the position of Plaintiff is a member of the class intended to benefit. The regulation was established to ensure that certain employers make and preserve records that would aid in the administration and enforcement of Title VII and the ADA. *56 Fed.Reg. 35,755,* (July 26, 1991). Plaintiff admitted at oral argument that he has no claim under Title VII, nor is there any basis for an ADA claim. No court has held that a person in the position of Plaintiff claiming discrimination based upon favoritism or kinship has established a claim under Title VII. To the contrary, as discussed above, *Holder* found that discrimination based upon favoritism was not actionable under Title VII. 867 F.2d at 825–26. The Court finds no basis to conclude that Plaintiff is a member of the class intended to benefit from the regulation and therefore Plaintiff fails to satisfy the first requirement in *Cort.* Accordingly the Court finds that Plaintiff has not shown he has a claim under § 1983 based upon an alleged violation of 29 C.F.R. § 1602.31.

Having dismissed all of Plaintiff's § 1981 and § 1983 claims and finding that there is no other claim over which it has original

jurisdiction,[2] the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

Accordingly, upon review of all the files, records and proceedings herein, IT IS HEREBY ORDERED That:

1. Defendant's Motion for Summary Judgment on all federal claims is GRANTED.

2. Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE.

3. Plaintiff's Motion for Summary Judgment is DENIED and Plaintiff's Motion for Preliminary Injunction is DENIED as moot.

4. Plaintiff's Motion for Attorney's Fees and Defendant's Motion for Attorney's Fees are DENIED.

5. Judgment be entered as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff's federal claims against Defendant are dismissed in their entirety with prejudice. Plaintiff's state law claims against Defendant are dismissed without prejudice.

---

**2.** Plaintiff refers to article 2 of the Universal Declaration of Human Rights and articles 2 and 26 of the International Covenant on Civil and Political Rights as giving rise to a claim for discrimination and cites for support *Filartiga v. Pena–Irala,* 630 F.2d 876 (2d Cir.1980). *Filartiga* concerned a tort claim by an alien arising under 28 U.S.C. § 1350 which gives district courts original jurisdiction over a claim brought by an alien in tort alleging violation of the law of nations or a U.S. treaty. Plaintiff's claim is not in tort and does not arise under 28 U.S.C. § 1350. *Filartiga* cannot be read so as to recognize jurisdiction over international law-based claims not arising under 28 U.S.C. § 1350.

Plaintiff provides no legal support and this Court has found none indicating that he has a claim in federal court for a violation of either the Universal Declaration or the International Covenant. Courts have declined to recognize that federal question jurisdiction under 28 U.S.C. § 1331 gives federal courts jurisdiction over a claim for a violation of international law. *Xuncax v. Gramajo,* 886 F.Supp. 162, 194 (D.Mass.1995) (citing *Tel–Oren v. Libyan Arab Republic,* 726 F.2d 774, 779–780 n. 4 (D.C.Cir.1984) (Edwards, J., concurring) *cert. denied,* 470 U.S. 1003, 105 S.Ct. 1354, 84 L.Ed.2d 377 (1984)); *id.* at 811 (Bork, J. concurring); *Handel v. Artukovic,* 601 F.Supp. 1421, 1428 (C.D.Cal.1985).