Albert Earle SMITH–BEY, Plaintiff,

v.

DISTRICT OF COLUMBIA, et al., Defendants.

Civ. A. No. 81–2536.

United States District Court, District of Columbia.

Sept. 7, 1982.

Timothy J. Lindon, Arnold & Porter, Washington, D. C., for plaintiff.

Donald A. Thigpen, Jr., Asst. Corp. Counsel, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

JACKSON, District Judge.

Plaintiff is an inmate of the District of Columbia's Maximum Security Facility at Lorton, Virginia. Defendants are the District; its Mayor, Marion Barry; George Holland, the acting director of the D.C. Department of Corrections; and 11 Department of Corrections employees stationed at Lorton, including the facility's Administrator and Assistant Administrator. The complaint alleges a violation of 42 U.S.C., Section 1983 and seeks compensatory and punitive damages for two incidents in which the plaintiff's liberty was allegedly further curtailed by placing him in a control cell without due process of law.[1] Plaintiff also asserts pendant claims based on D.C. Code Section 24–442 and common law negligence.

Defendants Barry and Holland have moved to dismiss the claims against them under the doctrine of official immunity, and the remaining individual defendants have moved to quash service of process and dismiss as to them on the ground that they were not served in the District and that the D.C. long-arm statute does not confer *in personam* jurisdiction over them in this Court for torts occurring in Lorton, Virginia.

Defendants Barry and Holland are entitled to a qualified, good faith immunity against Section 1983 prosecutions. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); *Expeditions Unlimited v. Smithsonian Institute,* 566 F.2d 289 (D.C. Cir. 1977) (en banc), *cert. denied,* 438 U.S. 915, 98 S.Ct. 3144, 57 L.Ed.2d 1160 (1978).[2] To state a cause of action which will overcome a defense of official immunity a plaintiff must be able to prove facts which demonstrate objectively that the defendants knew or reasonably should have known that their allegedly culpable conduct would violate the plaintiff's clearly established constitutional rights, and the inquiry into defendants' objective state of knowledge must be confined at the outset to the pleadings and affidavits preceding any discovery by which plaintiff might endeavor to expand the factual rec-

---

[1]. The action was originally filed in October, 1981, in the U.S. District Court for the Eastern District of Virginia which *sua sponte* held that venue was improper and ordered the case transferred to this Court.

[2]. The plaintiff has not seriously advanced the pendant state law claims based on D.C. Code Section 24–442 and common law negligence and because the law is well settled that defendants Barry and Holland enjoy absolute immunity from common law tort suits. Those claims against them are dismissed without further discussion. *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959).

ord. *Harlow v. Fitzgerald,* —— U.S. ——, 102 S.Ct. 2727, 2736–2737, 73 L.Ed.2d 396 (1982). Plaintiff does not allege that defendants Barry and Holland personally participated in the events which led to his confinement. He contends that they failed to exercise adequate supervision over the management of the Lorton complex from which, he concludes, Barry and Holland "knew or should have known of the acts, omissions, and conditions" which form the basis of this lawsuit. Devoid of any corroborative allegations to support an inference that defendants Barry and Holland had notice of or acquiesced in the acts complained of, even when viewed in the light most favorable to the plaintiff, the amended complaint fails to state a cause of action which would survive an immunity defense. *See Russ v. Ratliff,* 538 F.2d 799 (8th Cir. 1976), *cert. denied,* 429 U.S. 1041, 97 S.Ct. 740, 50 L.Ed.2d 753 (1977); *Chestnut v. City of Quincy,* 513 F.2d 91 (5th Cir. 1975); *Jennings v. Davis,* 476 F.2d 1271 (8th Cir. 1973).[3]

Process for the remaining defendants was issued first from the Eastern District of Virginia and, thereafter, from this Court. Personal service was made on the remaining individual defendants by the United States Marshal at the Lorton complex in Virginia. These defendants argue that service was not made within the District pursuant to Fed. R. Civ. P. 4 and have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(5).

The Lorton complex, although physically located in Virginia, is an integral part of the District of Columbia penal system.

*Cannon v. United States,* 645 F.2d 1128 (D.C. Cir. 1981).[4] The D.C. Department of Corrections has exclusive administrative and fiscal control over the facility, D.C. Code Ann. Section 24–442 (1982 Supp.); *Currey-Bey v. Jackson,* 422 F.Supp. 926, 930–31 (D.D.C. 1976), and the prison is staffed by employees of the District who are hired and trained by the Department of Corrections. D.C. Code Ann. Section 24–411 (1980 ed.); *Cannon v. United States, supra,* at 1136. In light of Lorton's "unique relationship to the District of Columbia," *Young v. Director, U.S. Bureau of Prisons,* 367 F.2d 331 (D.C. Cir. 1966), the Court of Appeals has held that claims by inmates at Lorton should be heard in the courts of the District of Columbia. *McCall v. Swain,* 510 F.2d 167 (D.C. Cir. 1975).

In *McCall,* a Lorton inmate petitioned for *habeas corpus* relief. The defendant moved to dismiss, arguing that because the inmate was not confined "within the District" as required by statute, the court was without jurisdiction to hear his claim. The Court of Appeals stressed the close nexus between the District of Columbia and the correctional facility, observed that "traditional venue considerations" made it the most appropriate forum in which to litigate the prisoner's claim, and concluded that the statutory language did not bar the court from hearing the case. 510 F.2d at 177. *See also Burns v. Welch,* 159 F.2d 29 (D.C. Cir. 1947); *Sanders v. Bennett,* 148 F.2d 19 (D.C. Cir. 1945).

The same considerations lead the Court to conclude that service of process in Section 1983 cases at the Lorton complex in

---

**3.** Cases cited by plaintiff not only antedate *Harlow v. Fitzgerald* mandating a threshold assessment of an official defendants' state of knowledge, but the facts of those cases demonstrate a likely state of culpable knowledge on the part of the defendants invoking immunity. *E.g., McClelland v. Facteau,* 610 F.2d 693 (10th Cir. 1979), (defendant police chiefs had prior notice that prisoners' rights were being systematically violated in the local jail); *Sims v. Adams,* 537 F.2d 829 (5th Cir. 1976), (supervisory defendants failed to control a police officer with a known propensity for violence); *Dimarzo v. Cahill,* 575 F.2d 15 (1st Cir.), *cert. denied sub nom., Hall v. Dimarzo,* 439 U.S. 927, 99 S.Ct. 312, 58 L.Ed.2d 320 (1978) (Section 1983

liability imposed against corrections officials for pervasive, long term failure to maintain sanitary conditions in prison).

**4.** The Fourth Circuit has also held that claims concerning the operation of the Lorton complex should be heard in the District of Columbia. In *Wright v. Jackson,* 505 F.2d 1229, 1232 (4th Cir. 1974), the court transferred a class action suit by Lorton inmates to the District Court for the District of Columbia, noting that it was the more appropriate forum because only the federal courts in the District could enter a decree which would be binding on the entire D.C. prison system.

Virginia upon D.C. Department of Corrections employees alleged to have acted within the course and scope of their employment is proper under Fed. R. Civ. P. 4(f).[5]

For the foregoing reasons, it is, this 7th day of September, 1982,

ORDERED, that the motion of defendants Barry and Holland to dismiss is hereby granted and the motion of the defendants Holland, Hodges, Plant, Long, Krull, Lattimore, Rosser, Spiker, Strickland, White, Wood, Klimkiewiez, Wolfe, and Miller to quash service of process and dismiss is denied.

---

5. The Court therefore does not decide whether the D.C. long-arm statute authorized service on the defendants.