**Wilmer H. LUNDT, Plaintiff,**

v.

**James HODGES, Jr., Magistrate, U.S. District Court, Northern District of Iowa; Duane Heeney, Sheriff, Buena Vista County, State of Iowa; Patricia Mack and Donald McClure, Deputy Sheriffs, Buena Vista County, State of Iowa; Darrel Heckathorn, Owner, Heckathorn Livestock Auction, Storm Lake, Iowa; Ronnie Brown, Auctioneer for Heckathorn Livestock Auction, Storm Lake, Iowa; Gordie Totten, Auctioneer, Albert City, Iowa; Clinton Jones and Kevin R. Black, Auctioneers, Spencer, Iowa; Wayne Johnson, Clerk of Sale, Everly State Bank, Everly, Iowa; Wayne L. Hyde, President, Poca-Vista Implement, Albert City, Iowa; John/Jane Does (1–100), Defendants.**

No. C 85–4106.

United States District Court,
N.D. Iowa, W.D.

Dec. 31, 1985.

Wilmer H. Lundt, pro se.

Stephen P. Avery, Spencer, Iowa, Carlton G. Salmons, Des Moines, Iowa, Corwin Ritchie, Storm Lake, Iowa, for defendants.

## ORDER

DONALD E. O'BRIEN, Chief Judge.

The Court has before it defendants' motions to dismiss and to dissolve and dismiss liens. Hearing was held on this matter in Sioux City, Iowa, at which counsel for all defendants was present. Prior to hearing, plaintiff filed a notice denying this Court of jurisdiction. Plaintiff also refused initially to appear in court to argue the pending motions in this case as well as a similar case, *Lundt v. Barlow, et al.*, Civil No. 85–4080. After the Court assured plaintiff that he was not waiving his position that this Court had no jurisdiction over the matter, plaintiff made a "special" appearance to argue the motions. After carefully considering the briefs and oral arguments of the parties, the Court grants all defendants' motions to dismiss except for Defendants Heeney, Mack and McClure. The Court also dissolves and dismisses liens filed by plaintiff.

Defendant James Hodges is a United States Magistrate. It appears from plaintiff's complaint that plaintiff's claims against Hodges are based on an order entered by Hodges. Thus, the action was taken by Defendant Hodges when he was serving in his official capacity as a United States Magistrate. Judges and magistrates are absolutely immune from liability for damages for acts performed within their judicial jurisdiction. This immunity not only includes damage actions under 42 U.S.C. §§ 1983, 1985 and 1986, but also suits under other civil rights legislation. *Stump v. Sparkman*, 435 U.S. 349, 364, 98 S.Ct. 1099, 1108, 55 L.Ed.2d 331 (1978); *Pierson v. Ray*, 386 U.S. 547, 553–54, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967). As a result, the Court finds it proper to dismiss that part of plaintiff's complaint against Defendant Hodges.

Plaintiff also alleges a claim under 39 U.S.C. § 101, *et seq.*, against Hodges. The Court finds that the complaint on its face fails to allege a claim upon which relief can be granted in that it is based on the Postal Reorganization Act, which gives plaintiff no cause of action. Likewise, plaintiff's claims under 18 U.S.C. § 241 do not state a cause of action against Hodges in that criminal provisions, such as § 241, do not create a private cause of action. *See Powell v. Kopman*, 511 F.Supp. 700, 704 (S.D.N.Y.1981).

With respect to Defendants Heckathorn, Brown, Totten, Jones, Black, Hyde and Johnson, the Court also finds that plaintiff's complaint fails to state a cause of action. In reviewing plaintiff's complaint, the Court finds that no facts are alleged showing how these defendants were acting under color of state law, in that they are either auctioneers, implement dealers or a banker employed by private businesses. Therefore, plaintiff fails to state a cause of action under 42 U.S.C. § 1983. *Colon v. Lomelo*, 575 F.Supp. 664, 667 (S.D.Fla.1983).

The plaintiff also fails to allege a cause of action against Defendants Heckathorn, Brown, Totten, Jones, Black, Johnson and Hyde under 42 U.S.C. § 1985 in that the complaint is devoid of necessary allegations concerning racial or other class-based hostility and that defendants conspired against plaintiff because of their membership in a class defined in an invidiously discriminatory manner. *See Lamb v. Farmers Insurance Co., Inc.*, 586 F.2d 96 (8th Cir.1978). Likewise, plaintiff failed to allege a cause of action under 42 U.S.C. § 1986. If there is no violation of § 1985, a derivative claim under § 1986 also must fail. *See Tumulty v. City of Minneapolis*, 511 F.Supp. 36 (D.C.Minn.1980), *aff'd*, 645 F.2d 615 (8th Cir.1981).

For the same reasons as stated above with respect to Defendant Hodges, the Court finds that plaintiff's allegations against the above-named defendants based on 18 U.S.C. § 241 and 39 U.S.C. § 101, *et seq.*, fail to state causes of action.

■ As to Defendants Heeney, Mack and McClure, the Court finds that plaintiff's §§ 1983, 1985 and 1986 claims against those defendants should not be dismissed at this point. Nevertheless, the Court concludes that plaintiff should amend his pleadings so that these defendants may frame a responsive pleading. Specifically, plaintiff needs to allege facts showing that defendants violated 42 U.S.C. §§ 1983, 1985 and/or 1986. Plaintiff should do this by filing an amendment to his complaint. Such amendment shall be filed within fourteen days of the filing of this order. Failure to file said amendment might result in dismissal of this case. Fed.R.Civ.P. 41(b). With respect to other claims against Defendants Heeney, Mack and McClure, the Court, for the reasons stated above in its discussion of other defendants, finds that they should be dismissed.

■ The plaintiff alleges in ¶ 8 of his complaint that this Court's jurisdiction is based, in part, on 28 U.S.C. § 1331. However, the plaintiff has failed to allege a variable cause of action which arises under the Constitution, laws or treaties of the United States. Furthermore, there is no complete diversity among the parties named in the matter as is required under 28 U.S.C. § 1332. Finding that the Court does not have jurisdiction under either of the above statutes, it is unnecessary for the Court to review plaintiff's remaining allegations.

■ As to the common law liens filed in the Clay County District Court against the above defendants, it is clear that these documents have no judicial force and effect. They are not signed by a federal district judge, nor are they signed by the Clerk of Court for the Northern District of Iowa. They are not authorized and were filed for the purpose of harassing the named defendants in the above-captioned lawsuit. They must be withdrawn and plaintiffs, as well as those associated with them, are hereby ordered not to file such documents with any clerk of court or county recorder in the State of Iowa, without proper authorization from this Court, which requires the signature of a district court judge or the Clerk of Court of the Northern District of Iowa on a lawful order.

Further, this Court exercising inherent powers hereby orders the County Recorder for the above-mentioned county to expunge from its records any "Notice and Affidavit of Default Judgment for Sum Certain Per F.R.C.P. 7(a), 7(c) and 55(a), 55(b)(1) Filed at Law" mentioned as well as any other liens filed by plaintiff against the defendants.

Furthermore, the County Recorder for Clay County is enjoined from recording any documents presented by plaintiff in the case known as Civil No. 85–4106, unless such documents are signed by a federal district judge or by the Clerk of Court for the Northern District of Iowa.

Finally, this Court finds that since this action was filed in the the Northern District of Iowa, it has the power to decide if it has jurisdiction over the case, 28 U.S.C. § 1331, and would have exercised its power whether or not plaintiff made his "special" appearance.

This Court is sympathetic to plaintiff's serious problems; however, under the pleadings submitted here, this Court has no discretion in the matter.

IT IS THEREFORE ORDERED that defendants' motions to dismiss are granted and all defendants except for Defendants Heeney, Mark and McClure are dismissed from the case.

IT IS FURTHER ORDERED that Defendants Heeney's, Mark's and McClure's motions to dismiss be granted in part in that all of plaintiff's claims except for those under §§ 1983, 1985 and 1986 be dismissed. The motions on the remaining civil rights statutes are to be held in abeyance pending plaintiff's amendment to his complaint. Plaintiff shall have fourteen

(14) days after the filing of this order to file an amendment. Failure to file may result in dismissal of this case. Fed.R. Civ.P. 41(b).

IT IS FURTHER ORDERED that defendants' motion to dissolve liens be granted and that the liens filed against defendants by the plaintiff must be withdrawn and plaintiff and those associated with him are hereby ordered not to file such documents with any clerk of court or county recorder in the State of Iowa, without proper authorization from this court, which means the signature of a district court judge or the Clerk of Court for the Northern District of Iowa on a lawful order. Additionally, the County Recorder for Clay County is directed to expunge from its records the Notice and Affidavit of Default Judgment for Sum Certain as well as any other liens filed by plaintiff against defendants. Finally, the County Recorder is enjoined from recording any documents presented by plaintiff in the case known as Civil No. 85–4106 unless such documents are signed by a federal district court judge or the Clerk of Court for the Northern District of Iowa.

IT IS FURTHER HEREBY ORDERED that all individuals mentioned in this order, including the affected County Recorder, shall receive a certified copy of this order.