**William Albert RISLEY, Plaintiff,**

**v.**

**Kathleen HAWK, Director, Bureau of Prisons, Department of Justice; Peter Carlson, Assistant Director, Bureau of Prisons, Department of Justice; John Megathlin, Inmate Appeals Coordinator, Bureau of Prisons, Department of Justice; O. Ivan White, Western Regional Director, Bureau of Prisons, Department of Justice; H. Lee Connors, Warden, FCI Stafford; George Killenger, Warden, FMC Ft. Worth, Defendants.**

**Civil A. No. 95–01409 (CRR).**

United States District Court,
District of Columbia.

Feb. 15, 1996.

William A. Risley, pro se.

Rudolph Contreras, Assistant United States Attorney and Eric H. Holder, Jr., United States Attorney, for defendants.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court in the above-captioned case is the defendant's Motion to Dismiss,

the plaintiff's Opposition thereto, and the defendant's Reply. Upon careful consideration of the parties' pleadings, the entire record herein, and the applicable law thereto, the Court shall grant the defendant's Motion dismiss the plaintiff's case.

## BACKGROUND

The plaintiff, a federal prisoner, alleges, *inter alia,* that the defendants, who include the Director and Assistant Director of the Bureau of Prisons (BOP), the Inmate Appeals Coordinator of the BOP, the Western Regional Director of the BOP, the Warden of FCI–Stafford and the Warden of FMC–Ft. Worth, have and are violating his First, Fourth, Fifth, Eighth, and Thirteenth Amendment rights, as well as the following statutes: 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, 1997(1)(B)(ii), and 1997d; 18 U.S.C. §§ 113, 211, 241, 1583, 4241–4247; and 5 U.S.C. §§ 552a(d)(2)(B) and (e)(5). Specifically, the plaintiff claims that he has been raped and otherwise assaulted and abused by other inmates on account of his presumed status as a homosexual, denied adequate medical care, given dangerous work assignments, transferred to other facilities unnecessarily, and improperly placed in administrative segregation. The plaintiff also alleges that the defendants have retaliated against him for filing a number of grievances with respect to such claims, denied him meaningful access to the courts, and fabricated his medical records to incorrectly reflect that he suffers from a psychiatric disorder. The plaintiff alleges that he informed all of the defendants, in writing, of his grievances during the period 1993 to 1994, and that he also orally informed the defendant wardens of such concerns. The plaintiff concedes that the prison officials to whom he wrote responded to the majority of his letters.

The plaintiff has filed three suits alleging the same underlying facts. The plaintiff alleges that these other actions, two in Arizona and one in California, were dismissed for lack of prosecution, and he further alleges that he was unable to prosecute the cases due to the actions of prison officials.

The plaintiff seeks to recover damages from the defendants in their individual capacities, and he seeks injunctive relief against the defendants in their official capacities. The Court will now address the sufficiency of the plaintiff's Complaint and the jurisdiction of the Court.

I. **THE PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER 18 U.S.C. §§ 113, 211, 241, 1583, 4241–44, 4246; 42 U.S.C. §§ 1981–83, 1985–86, 1997; AND THE FOURTH AND THIRTEENTH AMENDMENTS TO THE CONSTITUTION.**

Most of the statutes and some of the Constitutional Amendments relied upon by the plaintiff are clearly inapplicable to the facts which he posits. First, 18 U.S.C. §§ 113, 211, 241 and 1583 define certain acts, such as bribery and assault, as criminal offenses. Such criminal offense provisions do not create a private cause of action. *See Lundt v. Hodges,* 627 F.Supp. 373, 375 (N.D.Iowa 1985). Furthermore, §§ 4241–44 and § 4246 of the same title concern the determination of an individual's competency to stand trial, the determination of the existence of insanity at the time of the offense, and the hospitalization of such individuals, none of which are implicated by the defendant's Complaint.

None of the civil rights statutes invoked by the plaintiff have any applicability to the facts alleged in the Complaint. For example, 42 U.S.C. § 1981–82 provides a cause of action only for racial discrimination, which the defendant does not allege. *See Runyon v. McCrary,* 427 U.S. 160, 167, 96 S.Ct. 2586, 2592–93, 49 L.Ed.2d 415 (1976) (§ 1981); *Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 413, 88 S.Ct. 2186, 2189, 20 L.Ed.2d 1189 (1968) (§ 1982). Section 1983 expressly requires "state action," which is not alleged in the present litigation because the defendants are federal employees and the claims arise out of the treatment of plaintiff in a federal prison. An action pursuant to 42 U.S.C. §§ 1986–87 requires a conspiracy to deny equal rights to a protected class of individuals; however, the plaintiff does not allege that he is a member of such a class. *See DeSantis v. Pacific Tel. & Tel. Co., Inc.,*

608 F.2d 327, 333 (9th Cir.1979) (holding that homosexuals are not a protected class for purposes of § 1985). Furthermore, even if the plaintiff was a member of such a class, his allegations are too generalized and conclusory to state a claim for conspiracy upon which relief can be granted.[1] Likewise, the plaintiff cannot state a claim under 42 U.S.C. § 1997, as this statute only authorizes suits brought by the United States Attorney General against state actors, not against the federal government. *See also Price v. Brittain*, 874 F.2d 252 (5th Cir.1989) (holding no private cause of action exists under §§ 1997 or 1997d).

■ With regard to the plaintiff's constitutional tort claims, the Court will dismiss the plaintiff's Fourth Amendment claim given that the plaintiff does not allege that he has been subject to an unlawful search or seizure. Finally, the Court shall also dismiss the plaintiff's Thirteenth Amendment claim, as he has not advanced any claim that the defendants have subjected him to slavery. Although the plaintiff alleges that federal officials have permitted inmates to treat the plaintiff as a slave, this grievance is sufficiently encompassed within his Eighth Amendment claim alleging cruel and unusual punishment.

## II. THE COURT SHALL DISMISS THE REMAINING CLAIMS FOR INJUNCTIVE RELIEF BROUGHT AGAINST THE DEFENDANT BOP PERSONNEL IN THEIR OFFICIAL CAPACITY BECAUSE THE PLAINTIFF HAS FILED NUMEROUS IDENTICAL COMPLAINTS IN OTHER COURTS.

■ Recognizing that he cannot recover monetary damages from the federal government for his constitutional tort claims [2] or the remaining statutory claims, the plaintiff asks for injunctive relief pursuant to *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The plaintiff has, however, filed two prior suits in Arizona and one in California against BOP personnel, alleging identical claims to those alleged in the present litigation. Pursuant to 28 U.S.C. § 1915(d), the Court may dismiss a prisoner's *in forma pauperis* action where the complaint duplicates the allegations of other pending or previously filed litigation. *See Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C.Cir.1981) (citing *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir.) (affirming dismissal based on finding by district court that a prior complaint, then pending, was based on same conduct by same defendant), *cert. denied*, 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975)).

The plaintiff does not deny that the three previous actions alleged the same facts, but instead argues that he named different individual BOP personnel as defendants in the other actions. He also argues that the prior suits were dismissed based on plaintiff's failure to prosecute, which in turn was a direct result of the alleged acts of the defendants. With respect to the plaintiff's first argument, while the identity of the defendants may make a difference regarding the dismissal of frivolous claims brought against defendants in their individual capacity, it should make no difference where claims are against official acts of BOP personnel. As for the plaintiff's belief that his previous actions were unjustly dismissed, his recourse is to ask the previous courts to relieve him from judgment or appeal the dismissals. *See e.g., Redwood v. District of Columbia*, 679 F.2d 931, 933

---

1. As the Court of Appeals for this Circuit has observed:

   [U]nsupported factual allegations which fail to specify in detail the factual basis necessary to enable [the defendants] to intelligently prepare their defense, will not suffice to sustain a claim of governmental conspiracy to deprive [the plaintiff] of [his] constitutional rights.

   *Martin v. Malhoyt*, 830 F.2d 237, 258 (D.C.Cir. 1987). The plaintiff fails to assert any factual basis to support the conclusion that a conspiracy existed.

2. Sovereign immunity bars damages actions against the United States for violations of constitutional rights unless there is an explicit waiver. *See Bivens*, 403 U.S. at 410, 91 S.Ct. at 2011–12. The Federal Tort Claims Act (FTCA) does not waive the federal government's immunity from suit for constitutional torts that may be committed by its employees. 28 U.S.C. §§ 2679(b)(1) and (b)(2); *Kline v. Republic of El Salvador*, 603 F.Supp. 1313, 1317 (D.D.C.1985).

(D.C.Cir.1982) (dismissal of prisoner's complaint, which charged prison officials and mayor with negligence in regard to prisoner's medical care and with failure to adequately train and supervise medical officers, was proper where prisoner had brought essentially the same action two years earlier and he had not appealed from order dismissing such action).

## III. THE COURT IS UNABLE TO EXERCISE JURISDICTION OVER DEFENDANTS WHITE, CONNOR, AND KILLENGER IN THEIR INDIVIDUAL CAPACITY, AND THE PLAINTIFF FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED AGAINST DEFENDANTS HAWK, CARLSON, AND MEGATHLIN IN THEIR INDIVIDUAL CAPACITY.

### A. The Court is unable to exercise jurisdiction over nonresident defendants White, Connor, and Killenger because they are not alleged to conduct any business or make any contracts in the District of Columbia, nor is any injury alleged to have been suffered in the District.

■ The District of Columbia long-arm statute, D.C.Code § 13–423, is the only basis upon which personal jurisdiction may be obtained over defendants who do not reside within or maintain a principal place of business in the District of Columbia. *Reuber v. United States,* 750 F.2d 1039, 1049 (D.C.Cir. 1984). The statute provides that a court in the District of Columbia may exercise personal jurisdiction over a defendant with regard to a claim arising from the defendant's:

(1) transacting any business in the District of Columbia;

(2) contracting to supply services in the District of Columbia;

(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he [or she] regularly does or solicits business, [or] engages in any other persistent course of conduct ⋅ ... in the District of Columbia.

D.C.Code § 13–423(a)(1)–(4) (1981).

The plaintiff alleges that defendant White resides in California, defendant Connor resides in Arizona, and defendant Killenger resides in Texas. The plaintiff fails to allege that these defendants conduct any business or make any contracts for services in the District of Columbia. Nor did the plaintiff allege that he suffered any injury in the District of Columbia. Accordingly, the Court cannot exercise jurisdiction over them.

### B. The plaintiff fails to state a claim upon which relief can be granted against the remaining individual defendants.

■ The plaintiff alleges that the remaining three defendants are liable to the plaintiff for certain constitutional torts[3] pursuant to *Bivens.* However, the plaintiff has not alleged that any of these defendants, all high-level BOP officials employed in the District of Columbia, participated directly in the prison-related activities that took place in California, Texas, and Arizona and that the plaintiff alleges violated his constitutional rights. The only link between the harms alleged by the plaintiff and the high-level BOP officials is the supervisory responsibility of such officials and the letters allegedly written to such officials by the plaintiff.

Reading the plaintiff's Complaint liberally, the plaintiff alleges respondeat superior liability; however, respondeat superior may not be the basis of a *Bivens* suit. *See Haynesworth v. Miller,* 820 F.2d 1245, 1259

---

**3.** The remaining statutory claims are not applicable to the defendants in their individual capacity. *See, e.g., Brown–Bey v. United States,* 720 F.2d 467, 469 (7th Cir.1983) (5 U.S.C. §§ 552a(d)(2)(B) and (e)(5) provide for civil remedies only against an agency and not individu- als); *Mittleman v. United States Treasury,* 773 F.Supp. 442, 450 (D.D.C.1991) (same); *Williams v. United States,* 405 F.2d 951, 954 (9th Cir.1969) (no civil claim against individual available under 18 U.S.C. § 4042).

(D.C.Cir.1987) (fellow government employees cannot be held liable under the theory of respondeat superior for either constitutional or common law torts); *Smith–Bey v. District of Columbia,* 546 F.Supp. 813, 814 (D.D.C. 1982) (same). Therefore, the plaintiff's claims must be dismissed against defendants whose supervisory status is their only relationship to the instant litigation. In this instance, the constitutional tort claims against the remaining defendants, except for the Eighth Amendment claim which is discussed *infra,* shall be dismissed for this reason.

■ Based on the Supreme Court's recent decision, *Farmer v. Brennan,* — U.S. ——, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), the plaintiff also argues that his Complaint states an Eighth Amendment claim of "deliberate indifference." In *Farmer,* a transsexual federal inmate filed a *Bivens* action against a prison warden after the plaintiff was transferred to the general population of a penitentiary with "a violent environment and a history of inmate assaults," and the inmate plaintiff was attacked and raped by other inmates upon reaching the penitentiary. — U.S. at ——, 114 S.Ct. at 1975. The Supreme Court held that the warden could be held individually liable for an Eighth Amendment violation where the official subjectively "knows of and disregards an excessive risk to inmate health or safety." — U.S. at ——, 114 S.Ct. at 1979.

The plaintiff's allegations fall short of stating such a claim. First, it is unclear whether the liability established in *Farmer* can extend beyond the prison warden—much less to the Director, Assistant Director, of Inmate Appeals Coordinator of the BOP. In *Farmer,* the Supreme Court required subjective knowledge by the prison warden that the warden's actions would create a significant risk of harm to the plaintiff. While micromanaging the prison and its inmates is the responsibility of the warden, it is not the responsibility of defendants Hawk, Carlson, and Megathlin.

Furthermore, to state a claim that such high-level officials had a subjective knowledge of the risk to the defendant would require much more than the letters allegedly sent by the plaintiff to the defendants. The plaintiff has failed to allege that the defendants personally read the letters, that reading such letters created subjective knowledge of the risk to the plaintiff,[4] or what particular foreseeable constitutional torts he suffered as a result of any disregard to such letters.[5]

■ Finally, even if the Court had found that the plaintiff sufficiently stated a claim, the Court would dismiss the plaintiff's Eighth Amendment claim pursuant to 28 U.S.C. § 1915(d). Federal officials are entitled to qualified immunity from constitutional and statutory claims, and the plaintiff has the burden of showing that the defendants' alleged actions violated clearly established law or were objectively unreasonable. *Brogsdale v. Barry,* 926 F.2d 1184, 1189 (D.C.Cir.1991). The plaintiff concedes that the defendants responded to his letters, and the letters attached to the plaintiff's Opposition and the government's Reply do not suggest anything other than reasonable action taken by the defendants. Accordingly, the Court will dismiss the plaintiff's Complaint because the plaintiff cannot possibly prevail on his Eighth Amendment claim. *See Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989) (§ 1915(d) permits Court to "pierce the veil of the complaint's factual allegations," such as where "the defendants are immune from suit").

### CONCLUSION

For the reasons discussed above, the Court shall grant the defendants' Motion to Dismiss. The Court shall issue an Order of even date herewith consistent with the foregoing Memorandum Opinion.

---

4. The defendants undoubtedly receive numerous similar letters from other inmates.

5. Although lengthy, the plaintiff's Complaint lacks the particularity and specificity necessary to determine when the defendants received the letters and when the harms he suffered took place.

## ORDER

For the reasons set forth in the Memorandum Opinion of even date herewith, it is, by the Court, this 15th day of February 1996,

ORDERED that the defendant's Motion to Dismiss shall be GRANTED.