William Albert RISLEY, Appellant,

v.

Kathleen HAWK, National Director
of the U.S. Bureau of Prisons,
et al., Appellees.

No. 96–5081.

United States Court of Appeals,
District of Columbia Circuit.

March 5, 1997.

Before: GINSBURG, SENTELLE, and
HENDERSON, Circuit Judges.

## ORDER

PER CURIAM.

Upon consideration of the motion for appointment of counsel; the motion for summary affirmance, and the opposition thereto, which includes a motion for summary reversal, it is

**ORDERED** that the motion for appointment of counsel be denied. With the exception of defendants appealing or defending in criminal cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. *See D.C. Circuit Handbook of Practice and Internal Procedures* 51 (1994). It is

**FURTHER ORDERED** that the motion for summary reversal be denied and the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. *See Taxpayers Watchdog, Inc. v. Stanley,* 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); *Walker v. Washington,* 627 F.2d 541, 545 (D.C.Cir.) (per curiam), *cert. denied,* 449 U.S. 994, 101 S.Ct. 532, 66 L.Ed.2d 292 (1980). On appeal, appellant challenges the dismissal of his claims made pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The district court properly concluded it lacked personal jurisdiction over three of the defendants, White, Connors, and Killenger. *Reuber v. United States,* 750 F.2d 1039, 1049–50 (D.C.Cir. 1984). In addition, the district court properly concluded that appellant failed to state a *Bivens* claim against defendants Hawk and Megathlin. Absent allegations concerning personal involvement by those defendants, appellant's Eighth Amendment claims against them are nothing more than an allegation of *respondeat superior,* which is not cognizable in a *Bivens* action. *See Cameron*

*v. Thornburgh,* 983 F.2d 253, 258 (D.C.Cir. 1993). With respect to defendant Carlson, the government provided evidence that Carlson responded to appellant's grievances. Carlson's response shows that he did not know of and disregard an excessive risk to appellant's health or safety. *See Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Appellant did not set forth any specific facts indicating otherwise. *See* Fed.R.Civ.P. 56(e). Accordingly, the government was entitled to summary judgment on the claim against Carlson. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986).

■ With respect to appellant's claims for injunctive relief, although it is unclear whether this action is duplicative of his previous suits, other grounds warrant dismissal of those claims. Because the record indicates that appellant was transferred after his complaint was filed and is no longer incarcerated in any of the prisons from which his claims arose, most of his requests for injunctive relief are moot. *See Preiser v. Newkirk,* 422 U.S. 395, 402–03, 95 S.Ct. 2330, 2334–35, 45 L.Ed.2d 272 (1975); *see also Higgason v. Farley,* 83 F.3d 807, 811 (7th Cir.1996); *Prins v. Coughlin,* 76 F.3d 504, 506 (2d Cir. 1996). One exception is appellant's request pursuant to the Privacy Act, 5 U.S.C. § 552a, for amendment of his allegedly false medical records. Although that claim is not moot, Bureau of Prison regulations exempt the agency from the Privacy Act provision requiring inaccurate files to be amended. *See Sellers v. Bureau of Prisons,* 959 F.2d 307, 309 (D.C.Cir.1992). In addition, although the Bureau of Prisons is subject to the Act's requirement that an agency maintain its records accurately, *id.,* injunctive relief is not available under that section. *See* 5 U.S.C. §§ 552a(g)(1)(C), (g)(4).

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C.Cir.Rule 41. The Clerk is further directed to arrange for publication of this order. *See* D.C.Cir.Rule 36(a)(2)(F).