Thomas David **GIPSON**

v.

Kenneth **CALLAHAN**, Marvin L. Moore, Alvin Walvoord, Russell W. Malm, Robert Stevens, Jake Ussery, and George D. Gilles.

No. MO–97–CA–160.

United States District Court, W.D. Texas, Midland–Odessa Division.

Oct. 31, 1997.

Thomas David Gipson, Midland, TX, plaintiff pro se.

Keith Stretcher, City of Midland, Midland, TX, for Kenneth Callahan, for Policeman for the City of Midland Police Department.

Michael T. Morgan, Morgan, Leeton & Meyers, P.C., Midland, TX, for Marvin L. Moore, Alvin Walvrood, Jr., Russell W. Malm, Robert Stevens and Jake Ussery.

Daniel E. Maeso, Assistant Attorney General, Austin, TX, for George D. Gilles.

## ORDER

BUNTON, Senior District Judge.

**BEFORE THE COURT,** in the above-captioned cause of action, is Defendant Kenneth Callahan's Motion to Dismiss and In the Alternative Motion for a More Definite Statement filed September 19, 1997. Also before the Court is Defendant George D. Gilles's Motion to Dismiss Under 28 U.S.C. § 1915A and Federal Rule of Civil Procedure (FRCP) 12(b)(1), (5)–(6); Alternative Motion for Abstention; Alternative Motion for More Definite Statement under FRCP 12(e); and Alternative Motion to Require Compliance with 28 U.S.C. §§ 1446–47 and to Remand or Transfer, filed September 22, 1997. Finally, before the Court is a Motion to Dismiss or, in the alternative, Motion for a More Definite Statement, filed jointly by Defendants Marvin L. Moore, Alvin Walvoord, Russell W. Malm, Robert Stevens, and Jake Ussery on September 26, 1997. As of October 30, 1997, Plaintiff Gipson has failed to respond to any of the Defendants' Motions.[1] After considering the Motions, the Court is of the opinion ·that the following Order is appropriate.

### I. STANDARD OF REVIEW

When reviewing a motion to dismiss for failure to state a claim, the Court may only grant the motion if "it appears beyond doubt that the plaintiffs would not be entitled to recover under any set of facts that they could prove in support of their claim." *Crowe v. Henry,* 43 F.3d 198, 203 (5th Cir.1995) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Defendants in Rule 12(b)(6) motions "admit[ ] the facts alleged in the complaint, but challenge[ ] plaintiff's right to relief based upon those facts." *Id.* (quoting *Ward v. Hudnell,* 366 F.2d 247, 249 (5th Cir.1966). Therefore this Court accepts as true all factual allegations in the pleadings. *Kansa Reinsurance Co. v. Congressional Mortg. Corp.,* 20 F.3d 1362, 1366 (5th

Cir.1994). The Court need not resolve unclear questions of law in favor of the plaintiff. *Id.* Moreover, a successful affirmative defense may also merit dismissal under Rule 12(b)(6). And finally, in order to avoid dismissal, the plaintiff must plead specific facts—not merely conclusory allegations. *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1062 (5th Cir.1994).

### II. BACKGROUND

Although Gipson's complaint is incredibly difficult to decipher, Gipson appears to allege that the Defendants violated his civil rights by their participation in a set of proceedings leading up to Gipson's trial and jury conviction for the offense of evading detention under Tex.Penal Code Ann. § 38.04. On February 25, 1997, Defendant Kenneth Callahan, a Midland Police officer, arrested Gipson pursuant to a traffic stop for having a fictitious automobile registration and having no front license plate. Gipson was apparently later charged with evading detention. On March 13, 1997, Defendant Marvin L Moore, a judge in the County Court at Law of Midland County, Texas, entered a plea of not guilty for Gipson when he chose not to enter his own plea on the charges. On July 28–29, 1997, Defendant Alvin Walvoord, a judge in the County Court at Law of Midland County, Texas, presided over Gipson's jury trial for the offense of evading detention.[2] After a jury found Gipson guilty, Judge Walvoord assessed a punishment of two years probation for the offense. Defendant Jake Ussery is a Deputy of the Sheriff of Midland County, Texas. Ussery also served as Judge Walvoord's bailiff during Gipson's trial. During the trial, Judge Walvoord directed Ussery to remove Gipson's "American Flag of Peace" from the presence of the jury and to take Gipson's thumbprint for the court's judgment order following the jury verdict. Defendant Russell W. Malm, the County Attorney of

---

1. Because of Gipson's *pro se* status, this Court issued an Order, filed September 23, 1997, which reminded Gipson of the requirements of Local Court Rule CV–7(f). Under Local Court Rule CV–7(f), a party filing a response to a motion has eleven (11) calendar days from the date of receipt of the motion in which to file and serve the response and supporting documents.

2. Gipson was also convicted for having a fictitious registration and having no front license plate in a separate trial, which became the subject of a previous lawsuit filed and dismissed in the district court.

Midland County, Texas, and Defendant Robert Stevens, a Deputy District Attorney of Midland County, Texas, apparently prosecuted Gipson on the charge of evading detention. And finally, Defendant George D. Gilles, the District Judge for the 142nd Judicial District Court in Midland, Texas, denied Gipson's "Application for Misdemeanor Postconviction Writ of Habeas Corpus" on August 28, 1997.[3]

As a result of the above proceedings, Gipson appears to have alleged the following causes of action: violations under 42 U.S.C. § 1983 (civil action for deprivation of rights), § 1985(1) (conspiracy to prevent a federal officer from performing his duties), § 1985(3) (conspiracy to violate a person's constitutional rights and privileges), and § 1986 (civil action for neglect to prevent wrongs in 42 U.S.C. § 1985); malicious prosecution; false arrest; violations of 18 U.S.C. § 241 (conspiracy against rights), § 242 (deprivation of rights under color of law), § 872 (extortion by officers or employees of the United States), § 3 (accessory after the fact), § 1341 (frauds and swindles through the mail), § 1342 (using fictitious name and address through the mail), § 1621 (perjury), and § 1512 (obstruction of justice); violations of 28 U.S.C. § 454 (practice of law by justices and judges); violations of the Federal Rules of Civil Procedure 60(b) (relief from judgment or order for mistakes, inadvertence, excusable neglect, and newly discovered evidence, fraud), 26(e) (duty to supplement disclosures and responses in discovery), 9(b) (requiring specificity in pleadings for fraud, mistake, and condition of the mind), 16(f), 10(a), 12(b)(7) (failure to join a party needed for just adjudication), and 12(b)(2)–(6); violation of Texas Uniform Commercial Code § 3.501 (presentment, notice of dishonor, and protest in commercial paper); violations of the United States Constitution's 4th Amendment (prohibiting unreasonable search and seizure), 5th Amendment (right to due process), 6th Amendment (right to a fair trial with assistance of counsel), 9th Amendment (recognizing rights not enumerated in the Constitution), and 11th Amendment (federal courts cannot hear suits against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State); violations of the Texas Constitution's 19th Amendment (right to due process) and 29th Amendment (applying Texas's Bill of Rights to government entities); the Texas Penal Code; and Breach of the Foreign Sovereign Immunity Act of October 21, 1976. The Court now examines the specific assertions which Defendants claim entitle them to dismissal.

## III. DISCUSSION

### A. ABSOLUTE IMMUNITY

██ In order to promote the proper administration of justice, both judges and prosecutors enjoy absolute immunity from suit. *See Mireles v. Waco,* 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Boyd v. Biggers,* 31 F.3d 279 (5th Cir.1994). A plaintiff may overcome a defendant's judicial or prosecutorial immunity under certain circumstances. For example, the Supreme Court has recognized two circumstances in which a plaintiff may overcome a defendant's judicial immunity: "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.... Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles,* 502 U.S. at 11–12, 112 S.Ct. 286. Whether an act is judicial shall be determined by " 'the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.' " *Id.* 502 U.S. at 12, 112 S.Ct. 286 (citing *Stump v. Sparkman,* 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)). Moreover, an action "taken in the very aid of the judge's jurisdiction over a matter before him—cannot be said to have been taken in the absence of jurisdiction." *Id.* 502 U.S. at 13, 112 S.Ct. 286. Similarly, plaintiffs may overcome a defendant's prosecutorial immunity for actions that fall outside

---

**3.** Gipson's petition for habeas corpus was presented before any attempt to directly appeal his conviction.

"initiating the prosecution and in carrying the case through the judicial process." *Boyd*, 31 F.3d at 285. So important is the interest in promoting the administration of justice that the prosecutorial immunity "applies even if the prosecutor is accused of knowingly using perjured testimony." *Id.* Even a conspiracy between a judge and prosecutor would not open them up to suit. *Id.* (citing *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir.1986) (en banc)).

■ In the instant case, Gipson has failed to allege any specific facts to overcome the judicial or prosecutorial immunity of Defendants Marvin L. Moore, Alvin Walvoord, George D. Gilles, Russell W. Malm, and Robert Stevens. Indeed, Gipson's alleged causes of action all arise from his prosecution and eventual conviction for evading detention. At all times, Defendants Marvin L. Moore, Alvin Walvoord, George D. Gilles, Russell W. Malm, and Robert Stevens were acting within their judicial and prosecutorial capacities. *See Boyd*, 31 F.3d at 284 (plaintiff's simple contention that his judge and prosecutor should have prevented his wrongful conviction was not enough to overcome the defendants' judicial and prosecutorial immunity). Therefore, Gipson's claims against Marvin L. Moore, Alvin Walvoord, George D. Gilles, Russell W. Malm, and Robert Stevens are dismissed.

### B. QUALIFIED IMMUNITY AND FALSE ARREST

■ Because public officials must exercise a certain amount of discretionary authority in carrying out their duties, the plaintiff "seeking damages from an official asserting qualified immunity bears the burden of overcoming that defense." *Bennett v. City of Grand Prairie*, 883 F.2d 400, 408 (5th Cir. 1989). Thus, in order for a plaintiff to prevail on his civil rights claim after defendants have raised the defense of qualified immunity, he must satisfy a two-part test. First, the plaintiff must show that he has asserted a violation of a constitutional right. *See Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). Moreover, using currently applicable constitutional standards, plaintiff must show that these consti-

tutional rights were clearly established at the time of the defendant's actions. *Id.* 500 U.S. at 233–34, 111 S.Ct. 1789; *Rochon v. City of Angola*, 122 F.3d 319, 320 (5th Cir.1997). Second, he must show that the defendant's actions were objectively unreasonable at the time of the conduct in question. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Rochon*, 122 F.3d at 320. Furthermore, the Fifth Circuit requires that the plaintiff must "state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity." *Elliott v. Perez*, 751 F.2d 1472, 1473 (5th Cir.1985); *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994). Finally, even if the defendant's conduct actually violated the plaintiff's constitutional rights, the defendant will be entitled to qualified immunity if reasonable public officials could differ on the lawfulness of the defendant's actions. *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir.1990).

■ In the instant case, even after construing the pleadings liberally, Gipson's allegations fail to provide specific facts to overcome Defendants Kenneth Callahan's and Jake Ussery's qualified immunity. First, Gipson's factual allegations do not support his claims that the Defendants violated his constitutional rights. Second, assuming that Gipson has properly alleged the violation of clearly established constitutional rights, Gipson has failed to allege specific facts showing that the Defendants' actions were objectively unreasonable. In Ussery's case, Gipson's bare allegations fail to support that Ussery violated any of Gipson's civil rights. Moreover, Ussery's actions as bailiff for Judge Walvoord were merely steps taken for the efficient administration of the local courts and were entirely reasonable. Therefore, any claims against Ussery are dismissed.

■ In Callahan's case, Gipson alleges that Callahan falsely arrested him in violation of the Constitution's Fourth and Fifth Amendments. However, Gipson's pleadings simply support that Callahan arrested Gipson pursuant to a valid traffic stop. Moreover, Gipson provides no factual allegations showing that Callahan had no probable cause

to arrest Gipson. *See Babb v. Dorman,* 33 F.3d 472, 476 (5th Cir.1994) (mere "conclusory" allegations of conspiracy are not enough to support a § 1983 claim). Callahan's arrest of Gipson was accomplished under his clear authority to conduct traffic stops and reasonably conclude that probable cause existed to make an arrest. *See Macias v. Raul A. (Unknown), Badge No. 153,* 23 F.3d 94, 98 (5th Cir.1994), *cert. denied,* 513 U.S. 883, 115 S.Ct. 220, 130 L.Ed.2d 147 (1994); *Gibson v. Rich,* 44 F.3d 274, 277 (5th Cir.1995). Gipson's bare allegation that Callahan's actions were violations of the Fourth Amendment's Warrant Clause and the Fifth Amendment's Due Process Clause [4] are therefore insufficient to overcome Callahan's qualified immunity. The Court also notes that Gipson's conviction for the offense of evading detention has not been overturned for want of probable cause. Moreover, even if a violation did occur, Gipson has failed to provide specific facts calling into question the objective reasonableness of Callahan's action. Thus, Gipson's claims against Ussery and Callahan are dismissed.

### C. CONSPIRACY CLAIM UNDER §§ 1986 & 1985(1) and (3)

Title 42 U.S.C. § 1985(1) criminalizes conspiracies that attempt to prevent a federal officer from discharging his duties. Gipson's complaint does not support an action under § 1985(1). Therefore, Gipson's claim under 42 U.S.C. § 1985(1) is dismissed.

Gipson also alleges· a violation under 42 U.S.C. § 1985(3) in that Defendants conspired to violate his constitutional rights and privileges. However, "[i]n order to assert a claim under § 1985(3), a plaintiff must allege some class-based animus." *Burns–Toole v. Byrne,* 11 F.3d 1270, 1276 (5th Cir.1994), *cert. denied,* 512 U.S. 1207, 114 S.Ct. 2680, 129 L.Ed.2d 814 (1994). In the instant case, Gipson has failed to allege that Defendants conspired to violate his civil rights because of his membership in a class protected by § 1985. Thus, Gipson's conspiracy claim under 42 U.S.C. § 1985(3) is dismissed. More-

over, Gipson's § 1986 claim is dismissed because of the failure of his § 1985 claims.

### D. § 1983 MALICIOUS PROSECUTION CLAIM

Gipson appears to allege a Malicious Prosecution claim challenging his prosecution and conviction for Evading Arrest or Detention under Texas Penal Code § 38.04 in the Midland County Court at Law, Case No. 75,731 on July 29, 1997. The Fifth Circuit has noted seven elements in a malicious prosecution claim:

(1) [A] criminal action was commenced against the plaintiff; (2) the prosecution was caused by the defendant or with his aid; (3) the action terminated in plaintiff's favor; (4) the plaintiff was innocent; (5) the defendant acted without probable cause; (6) the defendant acted with malice; and (7) the criminal proceeding damaged the plaintiff.

*Pete v. Metcalfe,* 8 F.3d 214, 219 (5th Cir. 1993). Furthermore, the Supreme Court has held that a plaintiff cannot maintain a cognizable claim challenging his conviction unless the plaintiff proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). Such a requirement is consistent with the judiciary's efforts to promote the "finality and consistency" of decisions in the face of opportunities for collateral attack. *Id.* 512 U.S. 477, 114 S.Ct. at 2371. In the instant case, a Midland County jury convicted Gipson for the offense of Evading Detention. Because Gipson's conviction has not been overturned, Gipson has no cognizable claim for malicious prosecution under 42 U.S.C. § 1983. Thus, Gipson's claim for malicious prosecution is dismissed.

---

4. The Court will assume that Gipson's due process claim is applied to the state actors through the Fourteenth Amendment.

## E. CLAIMS UNDER TITLE 18 U.S.C. § 241, CONSPIRACY AGAINST RIGHTS AND CLAIMS UNDER 18 U.S.C. § 242, DEPRIVATION OF RIGHTS UNDER COLOR OF LAW

Title 18 U.S.C. § 241 is a statute that criminalizes conspiracies against a person's rights under the Constitution or laws of the United States. There is no private right of action under this criminal statute. *Risley v. Hawk*, 918 F.Supp. 18, 21 (D.D.C.1996), *aff'd*, 108 F.3d 1396 (D.C.Cir.1997); *Dugar v. Coughlin*, 613 F.Supp. 849, 852 n. 1 (S.D.N.Y. 1985). Thus, Gipson's claims under 18 U.S.C. § 241 are dismissed.

Title 18 U.S.C. § 242 makes it a crime to willfully deprive persons under color of law of their rights under the Constitution or laws of the United States. The statute does not create a private cause of action. *Powers v. Karen*, 768 F.Supp. 46, 51 (E.D.N.Y.1991), *aff'd*, 963 F.2d 1522 (2d Cir.1992); *Dugar v. Coughlin*, 613 F.Supp. 849, 852 n. 1 (S.D.N.Y. 1985). Thus, Gipson's claims under 18 U.S.C. § 242 are dismissed.

## F. 18 U.S.C. § 872, EXTORTION BY OFFICERS OR EMPLOYEES OF THE UNITED STATES

Title 18 U.S.C. § 872 makes extortion by officers or employees of the United States a federal offense. The Defendants in the instant action are not officers or employees of the United States government; Midland County, Texas, employs all of the Defendants. Moreover, the statute does not provide a private cause of action for Gipson. Thus, Gipson's claim under 18 U.S.C. § 872 is dismissed.

## G. 18 U.S.C. §§ 3, 1341, 1342, 1621, 1512

Title 18 U.S.C. § 3 makes it a federal crime to assist someone who has committed a federal offense. Title 18 U.S.C. § 1341 makes it a federal crime to commit fraud through the Postal Service. Title 18 U.S.C. § 1342 makes it a crime to use a fictitious name or address while violating § 1341. Title 18 U.S.C. § 1621 makes perjury a federal crime. And finally, 18 U.S.C. § 1512 makes obstruction of justice a federal crime. Gipson has no private cause of action under any of these federal criminal statutes. *See, e.g., Weiland v. Byrne*, 392 F.Supp. 21, 22 (N.D.Ill.1975). Furthermore, Gipson's pleadings totally fail to allege the elements constituting these federal crimes. Thus, Gipson's claims under 18 U.S.C. §§ 3, 1341, 1342, 1621, and 1512 are dismissed.

## H. 28 U.S.C. § 454

Title 28 U.S.C. § 454 provides that any federal judge "who engages in the practice of law is guilty of a high misdemeanor." 18 U.S.C. § 454 (1993). The statute does not create a private cause of action, and Gipson inappropriately applies this federal statute to the state judges in his lawsuit. Therefore, Gipson's claim under § 454 is dismissed.

## I. FEDERAL RULES OF CIVIL PROCEDURE

Gipson cites violations and calls for sanctions under the Federal Rules of Civil Procedure ("the Rules") throughout his complaint. First, the Rules do not apply to the proceedings of the state criminal court in which Gipson was convicted of evading detention. Second, the rules do not create private causes of action. Third, the Court finds that the Defendants have not violated the Rules in the conduct of the present proceedings. Thus, the Court dismisses any causes of action Gipson has alleged under the Rules.

## J. TEXAS LAW: TEXAS CONSTITUTION, TEXAS PENAL CODE

Gipson asserts causes of action under the Texas Constitution and its Bill of Rights. However, neither creates a private cause of action. *City of Beaumont v. Bouillion*, 896 S.W.2d 143 (Tex.1995) (refusing to recognize *Bivens*-like private causes of action arising from the Texas Constitution and its Bill of Rights). Therefore, Gipson's claims based on the Texas Constitution and its Bill of Rights are dismissed. Similarly, the Texas Penal Code does not create a private cause of action. *Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex.App.1996). Therefore, Gipson's claims based on the Texas Penal Code are also dismissed.

## K. FOREIGN SOVEREIGN IMMUNITY ACT

Gipson alleges that the Defendants have violated the Foreign Sovereign Immunity Act ("the Act") of October 21, 1976. The Court finds that the Act is inapplicable to the case at bar. The Court finds that none of the parties or factual allegations implicate issues of sovereign immunity. Therefore, Gipson's claims under the Act are dismissed.

## L. UCC 3–501

Gipson alleges a violation of Texas Uniform Commercial Code § 3.501 ("the U.C.C."). The Court finds that the U.C.C. is inapplicable to the case at bar because none of the parties or factual allegations implicate issues of commercial law. Therefore, Gipson's claims under the U.C.C. are dismissed.

## M. VARIOUS CONSTITUTIONAL CLAIMS

Gipson alleges violations of the United States Constitution's 4th Amendment (prohibiting unreasonable search and seizure); the 5th Amendment (right to due process); the 6th Amendment (right to a fair trial with assistance of counsel); the 9th Amendment (recognizing rights not enumerated in the Constitution); and the 11th Amendment (federal courts cannot hear suits against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State). Even disregarding absolute and qualified immunity, Gipson's bald allegations will not support claims under any of these amendments. Moreover, the 11th and 9th Amendments are wholly inapplicable to the case at bar. Therefore, Gipson's claims under various constitutional amendments are dismissed.

Accordingly,

**IT IS ORDERED** that Defendants' Motions to Dismiss are hereby **GRANTED.**

**IT IS FURTHER ORDERED** that all court costs are assessed against the Plaintiff.

**IT IS FINALLY ORDERED** that Defendants' other Motions are hereby **DENIED AS MOOT.**