UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

_____

No. 97-51021

(Summary Calendar)
_____

THOMAS DAVID GIPSON,

                              Plaintiff - Appellant,

versus

KENNETH CALLAHAN, Policeman for the City of
Midland Police Department; MARVIN L MOORE,
Judge, County Court as Law #2; ALVIN WALVROOD,
JR, Judge, County Court as Law #1; RUSSELL W
MALM, Midland County Attorney; ROBERT STEVENS,
Assistant Midland County Attorney; JAKE
USSERY, Bailiff for Midland County; GEORGE D
GILLES, Judge, 142nd Judicial District,

                              Defendants - Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
(MO-97-CV-160)

_____

August 25, 1998

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Thomas David Gipson appeals the district court's dismissal for

failure to state a claim of his complaint alleging various civil

_____

     [*]     Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

rights, constitutional, and statutory violations. Having reviewed the record and the briefs of the parties, we DISMISS the appeal as FRIVOLOUS.

Gipson asks this court to strike the brief filed by appellees Moore, Walvoord, Malm, Stevens, and Ussery; enjoin various state court judges not named in the complaint "to completely cease and desist all action" against Gipson; and strike pleadings filed by counsel for defendant Callahan and impose sanctions because counsel has spelled Gipson's name and the names of other parties "in all capital letters." The motions are DENIED.

Gipson's "Emergency Petition and Demand for Writ of Habeas Corpus" and "Demand for Judicial Notice," challenging April 1998 state court orders revoking Gipson's release on a personal recognizance bond and setting his bail at $4000 are DENIED. Gipson's pleadings provide no indication that he has sought relief in the state courts or that state process is unavailable or inadequate to protect his rights. *See* 28 U.S.C. § 2254(b)(1).

This appeal is frivolous. It is DISMISSED. *See* 5TH CIR. R. 42.2. We caution Gipson that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Gipson is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED; MOTIONS DENIED; 28 U.S.C. § 2254 RELIEF DENIED; SANCTION WARNING ISSUED.